HALL (SARVEN v.). See Cases Nos. 12,369 and 12,370.

## Case No. 5,944.
### HALL v. SAVAGE et ux.
[4 Mason, 273.] [1]

Circuit Court, D. Massachusetts. October Term, 1826.

DOWER — ASSENT BY THE WIFE TO THE CONVEYANCE BY THE HUSBAND.

Where a deed was executed in Massachusetts by a husband, of lands owned by him in that state, in March, 1808; and afterwards, in November, 1808, his wife signed and sealed the same deed, with the following words written over her signature: "I agree in the above conveyance. In witness whereof," &c. giving the date, &c. it was *held*, that, by the local law, such a conveyance did not operate as a release of her dower in the estate so conveyed.

[Cited in Smith v. Handy, 16 Ohio, 234; Greenough v. Turner, 11 Gray, 334.]

Writ of dower. In this cause, the following facts were admitted by the parties. (1) That the plaintiff, Tryphena Hall, was the wife of Ezra Hall, and that the said Ezra Hall had deceased. (2) That Ezra Hall was lawfully seised during coverture, of the premises described in the demandant's writ. (3) That the demand of dower had been legally made on the tenants. (4) That Ezra Hall conveyed in his life time, by deed, a good title from himself of all his interest in the premises, to Gideon Wheeler, whose title had wholly passed to said John Savage and Ruth, the defendants, who were now entitled to all the rights of said Gideon Wheeler. (5) That the said Tryphena Hall executed the following writing on the same paper with the deed of said Ezra Hall, viz.: "I agree in the above conveyance. In witness whereof I have

---

[1] [Reported by William P. Mason, Esq.]

hereunto set my hand and seal, the 11th of November, 1808. Tryphena Hall. (L. S.) In presence of Calvin Hubbell, Luther Washburn." (6) That the deed of said Ezra Hall, and said Tryphena Hall, made a part of the admitted facts, and a true copy of the same was annexed. (7) That if the demandant was entitled to any damages for detaining her dower, the sum of seventy-five dollars would be the reasonable sum to be paid by the year for the use of .the same.

W. Sullivan, for plaintiff.
P. O. Thatcher, for defendants.

The cases in 9 Mass. 218, and 13 Mass. 223, were cited.

STORY, Circuit Justice. Upon the facts stated in this case, it appears to me clear, that by the local law of Massachusetts the demandant is not barred of her dower. The instrument sealed by her was executed long after the principal deed purports to have been executed by her husband. If, in its terms, the instrument had purported expressly to release her right of dower, I do not think that it would have been, under such circumstances, a bar by our law. The principles applicable to this point were fully considered in Powell v. Payne [Case No. 11,358], in this court, and it is not necessary to do more than refer to them.

But I think also, independent of this point, that the instrument cannot be deemed, in construction of law, a release of dower. It does not purport to be such a release. The words are, "I agree in the above conveyance." This can mean no more than her assent to her husband's deed, and that he may sell. But it cannot be interpreted to mean, that she thereby released her dower. If such an instrument had been good, there would have been no reason to hold, that a signature of the wife in blank to the deed of her husband, ought not to be held to operate a release of her dower, because it can have no rational interpretation, but as an assent to the deed. The rule of law appears to me plain, that the wife cannot release her dower, except there be apt words to express such intention. Doubtful words ought never to be construed to have such an effect. The demandant is, therefore, entitled to judgment.