Hitchcock, J.
This case is one of very considerable importance, whether we consider the principles involved, or the amount of property in controversy. In disposing of it, it may be as well first to dispose of the error last assigned. This error is, that the court, by its decree, gave preference to the Commercial Bank over *192 judgments recovered before the execution of the mortgage, when the creditors, recovering *sueh judgments, set up no claim in said lands in opposition to her right of dower. By the principles of law as recognized in this state, although a judgment creditor has a lion upon the lands of his debtor, that lien is subordinate to a widow's right of dower. So that if tho judgments referred to have been satisfied by the sale on execution of any of the lands embraced in the mortgage to the Commercial Bank, a purchaser at such sale must have taken the land subject to the widow’s right of dower. But it is a well-known principle of equity, that where there are two funds, and one creditor has a lion upon both, while another creditor has a lien upon but one, he who has a lien upon both shall first resort to and exhaust that fund upon which the other has no lion. If there be a prior judgment which operates as a lien upon all the lands of a debtor, and a part of those lands are subsequently mortgaged, equity will compel tho judgment creditor, in tho first place, to resort to those lands, for the satisfaction of his debt, which remain unincumbered. So if the lands of a debtor are sold and conveyed subsequent to the rendition of the judgment, and sold at different times, those last sold and conveyed must first be appropriated by the judgment creditor. This principle seems to have been accepted by the court of common pleas in tho case under consideration. Here were judgments against Clarke and Willey prior in date to the mortgage to the Commercial Bank, but this mortgage did not embrace all the lands of the debtors. In this state of the case, had those judgment creditors attempted to enforce collection, they would have been compelled to resort to the lands not included in the mortgage. But these lands were subsequently mortgaged. Notwithstanding this, however, the judgment creditors must still resort to those lands in the hands of the junior mortgagees. These must first be exhausted, before those embraced in the first mortgage could be appropriated by elder judgment creditors. This, in effect, was the decree of the court. Whether the lands sold to satisfy those judgments would be held by a purchaser discharged of the widow’s dower, is a ^question not necessary at present to decide. Tho parties interested are not before us. It may not be improper, however, to say that we see no reason why a sale, under a decree in chancery, should have any different effect in this respect, than under a sale on execution. If, however, Mrs. Smith has a claim *193 to dower in the premises sold to satisfy those prior judgments, there is nothing in this decree to prevent her enforcing it. We discover no error in the decree for the cause in the second plea assigned.
The first error assigned presents this simple question: whether, where a married woman joins with her husband in the granting part of a deed conveying his land, but does not join him in the covenants, nor in words release her dower, she is thereby barred of her dower, the deed being duly acknowledged.
The decision of this question must depend alone upon the construction of our own statutes; for the whole subject of dower, as well as of the execution and acknowledgments of deeds, is regulated by statute. And upon these subjects there has been no substantial change since the territorial laws of 1795. There may have been, and undoubtedly have been, changes in phraseology, but not in substance and meaning, except that in no statute, previous to 1832, is it expressly made the duty of the officer, taking the acknowledgment, to certify that he examined the wife separate and apart from her husband. If, then, we can arrive at á proper construction of the present law, we arrive at a construction which is proper for the preceding law.
The practice under the law has been different in different parts of the state. In some parts, and especially in the northeastern part, it has been customary to introduce a clause of express relinquishment of dower, in the deed executed by husband and wile for the conveyance of his land; while, in much the greater portion of the state, it has been the practice for the wife to join with her husband in the granting part of the deed, as was done in the ease before the court—and this has been supposed to be sufficient to convey *her dower. This practice has prevailed for more than fifty years, and I am not aware that its correctness, or the effect of it, was seriously doubted until the commencement of litigation in the case now before us. This practice, too, furnishes evidence of contemporaneous construction from the time the right of a feme covert to convey her land was first secured to her by our statute. Is this practice, which has so long prevailed, in accordance with a fair interpretation of the statute?
In England, we know that a married woman can not convey her land, nor her dower in her husband’s land, by deed. To effect *194 this object, she must join with her husband in'a fine. In this country, she is barred of her dower by joining with her husband in tho sale and conveyance of his land. Or she may convey her own land, by joining with him in a deed.
This mode of conveyance by deed is substituted for the fine. Both in England and by our law, the wife must be examined separate and apart from her husband. By our system this examination is made by tho officer taking tho acknowledgment. By our law, the mode of barring dower is not proscribed in the act regulating dower, but in the act of February 22, 1831, providing for the proof and acknowledgment of deeds. This is tho act now in force. As beforo remarked, this act, although somewhat different' in its phraseology from those preceding it upon the same subject, is the same in substance. In section 2 it is provided, “ that when a husband and wife, she being eighteen years of age or upward, shall execute within this state any deed, mortgage, or other instrument of writing, for the conveyance or incumbrance of the estate of the wife, or her right of dower in any lands, tenements, or hereditaments situate in this state; such deed, mortgage, or other instrument of writing shall bo signed and sealed by the husband and wife,and such signing and sealingshall beattested and acknowledged, in the manner prescribed in section 1 of this act; and in addition thereto, the officer before whom such ^acknowledgment shall bo made, shall examine the wile, separate and apart from her husband, and shall read, or otherwise make known to her, the contents of such deed, mortgage, or other instrument of writing; and if upon such separate examination, she shall declare that she did voluntarily sign, seal, and acknowledge the same, and that she is still satisfied therewith, such officer shall certify such examination and declaration of the wife, together with tho acknowledgment, as aforesaid, on such deed, mortgage, or other instrument of writing, and subscribe his name thereto.” S war’s Stat. 266.
Now, it will be observed that there is nothing in this section which requires the magistrate taking the acknowledgment, to certify that ho read the deed, or made known its contents to the woman. He is required to examine her separate and apart from the husband, and this he must certify; it is his duty to read to her the deed, but this he is- not required to certify; if she declares “ that she did voluntarily sign, seal and acknowledge the same,” *195 and that she is still satisfied therewith, this he is required to certify.
Now, take the above-recited section of the act to a man of plain common sense, not skilled in the subtleties of the law, and inquire of him what must a married woman do in order to convey her lands, what would be his answer ? Unquestionably, that she must join with her husband in executing a deed. Inquire of him what he should do to convey her right of dower in the lands of the husband. The reply would be the same—she must join with her husband in making a conveyance. This is what the law requires, and we ought to require no more; and here it is proper to say that our legislation is not designed for a particular class of the community—for gentlemen of the legal profession, for instance— but for the great body of the people; and for the purpose of carrying out this object no better rule of construction can be adopted than a common-sense construction—a construction which meets the approbation of the great body of those for whom the law was made.
*In the case before the court, Mrs. Willey joined with her husband in the execution of the deed of mortgage. She joined with him in the granting part of the deed. The commencement is in the usual form: “Know ye, that we, James T. Clarke, John W. Willey, and Laura M. Willey, wife of John W., in consideration,” etc., “ do give, grant, bargain, sell and confirm,” etc. The only defect claimed in the deed is that there is nowhere an express relinquishment of dower. All that the statute requires of a married woman in order to convey her own estate, or her dower interest, is that she should join with her husband in the deed.
But it is said that there is nothing to show that the female intended to release her right of dower. If she did not intend this, what did she intend ? She had no other interest in the property than a contingent right of dower ? Why did she join in the deod ? Was it a vain thing? She must have intended that the deed should operate for some purpose, and, so far as she was concerned, it would be entirely inoperative, unless it operated upon her right of dower. It is a well-known rule that deeds shall be construed most strongly against the grantor, and the same rule must be applied to a feme covert, when she conveys in conformity to the statute. If the statute is complied with, the conveyance is as effectual as if made by a feme sole.
*196 But again, it is said that it is not probable that this woman knew that she was destroying her right of dower, and that it is not certain that the magistrate taking the acknowledgment, explained to her that the deed would have this effect. The law makes it the duty of the magistrate to read the deed, or mako known the contents. This was done. This objection seems to bo based upon the supposition that a woman can not comprehend the nature of an instrument when it is read to her. I entertain a different opinion of the capacity of the female portion of the community. I believe females can comprehend the nature of a written instrument.
Again, it is said that authorities sustain the position that the fact must expressly appear upon the deed itself, that it *was the intention to release dower. I am aware that it is so said in some cases, but I know of no case in which such an opinion has been expressed, where the wife has joined- in the granting part of the deed. It is only in cases where the wife joins in the execution merely, without joining in the granting pai't, or in the covenants. Such was the case of McFarland v. Febriger’s Heirs, 7 Ohio, 194.
In England, as before remarked, the only regular way of barring dower is by fine. In that country it is fully established that if the husband and wife join in levying á fine of the husband’s estate to a stranger, the wife will bo barred of her dower and of the lands comprised in the fine, for the reason that she, having nothing in the land, in her own right, would not have joined her husband in a fine of them for any other purpose than of releasing her dower. 15 Cru. Dig. 134. It is established then, at common law, where dower is said to bo one of three things highly favored, if the wife join her husband in the conveyance of land, in the way known to that law in which she may join, she is barred of dower whether dower be named in'the conveyance or not. Why should not a similar rule prevail here?
Chancellor Kent, 4 Kent’s Com. 59, says that the common way of barring dower in this country, is by the voluntary act of the wife in “joining with her husband in a deed of conveyance of the land, containing apt words of grant or release on her part.” He adds, “the wife must join with her husband in the deed, and there must be apt words of grant, showing an intention on her part *197 to relinquish her dower.” In this opinion ho cites 9 Mass. 218 13 lb. 223; 3 Mass. 346.
The case in 9 Massachusetts is one where the wife had merely joined with the husband in the execution of the deed, her name not appearing in the body of it. There the court say “ there are no words implying her intention to release her claim of dower in the premises conveyed, which must have been to give it that operation.” This case is analogous to the case of McFarland, 7 Ohio, and it was very properly decided there was no bar.
*The case in 13 Massachusetts is like the last, the wife merely united in the execution of the deed, and the court held that something further must appear before she would be barred.
The case in 3 Mason is like the two foregoing. The wife had not joined in the granting part of the deed, but merely signed the same with her husband. Judge Story held, as did the courts of the state, that this was not sufficient to bar her. Ho says: “The deed must contain apt words to make her grantor”—plainly implying that if it does, it will be sufficient. Now I will ask, does not the deed before the court contain words apt enough to make Mrs. Willey grantor ?
In the case cited by complainant’s counsel, 7 Mass. 14, it is true that Chief Justice Parsons says that, by the law of Massachusetts, if a woman does not join with her husband in the sale of his land, and is not otherwise joined, she shall have her dower. And he adds, “the usual mode by which a wife is joined, is by introducing in the close of the deed a clause expressly relinquishing all claim to dower in the premises sold, and by her executing the deed with her husband.” This is the usual mode, but is it the only mode?
The chief justice does not say so. And this very expression is conclusive to show that it might be done by any other appropriate mode.
The case cited by complainant’s counsel from 4 Mason, 273, is one where the wife had not joined at all in the deed. After it was executed, she signed the following memorandum attached to the deed, “I agree to the above conveyance.” This was held to be no execution of the deed, nothing in release of dower. In the course of his remarks upon the case, Judge Story says : “ The rule of law appears to me plain that the wife can not release her dower, except there be apt words to express such intention.”
The case of Stearns v. Smith, 8 Pick. 532, was a case in which *198 tho wife joined in the deed with the husband “ in token of her relinquishment of dower,” and it was objected that she had not jointed in tho granting part of the deed. *But the court held tho deed sufficient, and say, “ nor is it any objection as in the present instance; it is a mere release, containing no words of grant; for it operates by way of estoppel, and not by way of grant.”
The only additional case I shall refer to is the case of Learned v. Cutler, 18 Pick. 9. The case was this: the plaintiff and her husband, in his lifetime, conveyed to the city of Boston certain parcels of land, in one of which, in the case before the court, dower was demanded. In the deed it was stated that the husband was the sole owner of throe undivided fourth parts, and that the husband and wife were seized of the remaining fourth part in her right. The husband and wife joined in the granting part of the deed in the usual form, making use of the words, “give, grant, bargain, sell, and convey.” Nothing was said about dower in the deed, nor was there any relinquishment. The husband having died, the widow was demanding her dower. But the court hold that she was barred. The court, in speaking of 'the question as to what shall be sufficient to bar the wife of dower, say, “ she must not only join her husband in the deed of conveyance of the land, by executing the deed, tho conveyance being made by him, but the deed must contain apt words of grant or release on her part; and if it does, it will bar her right of dower, although she had no vested title in the land at the time of the conveyance, and no title passed from her to the grantee. The grant or release of the wife operates by way of estoppel, or extinguishment of her right, so as to bar any future claim of dower, which may accrue to her after the death of tho husband. The usual form is for tho wife simply to release or relinquish her right of dower, but words of grant are equally effectual to bar her right, for in neither case does her deed pass any title to the estate. So it is not necessary that she should release or grant her right of dower eo nomine; any other words showing an intention on her part to relinquish her dower, will be sufficient. And if she joins with her husband in the sale, and undertakes to convey the land jointly *with him, this generally would be a sufficient indication of her intention to exclude herself from any claim of dower. By joining in the words of grant, she must be understood to give, or intend to give, all the right and title she was capable of giving, whether by way of pass *199 ing an estate or extinguishing or barring a right depending on a contingency.”
Again, the court say: “ Now the wife can not, in any way, more fully join the husband in a sale than by joining in the words of grant, and where she does'thus join she is clearly barred—unless there is some reservation in the deed of her right of dower, or unless it appears from the language of the deed, that such reservation was intended to be made.”
Now it will not be denied that here is a case, decided by an intelligent court, which covers the entire ground of the case now before us. In fact, the case now before this court is a much stronger case against the widow than is the case cited. In that case the wife, at the time of the execution of the deed, had a present subsisting interest in the land upon which the deed would operate. In the case before us, she had no such interest, and if the deed operate at all, it must operate by way of extinguishment of dower.
But it is claimed that there is a difference between the law of Massachusetts and of this state upon this subject; but I have been unable to discover in what this difference consists. By the law of Massachusetts, the widow is barred of her dower if she joins with her husband, during his lifetime, in the sale and conveyance of the estate. By the statute of Ohio, if she would convey her own interest in land, or her right of dower in the land of her husband, she must join with him in the execution of the deed. This is all that the statute makes necessary.
Again, it is said that the courts of Massachusetts go upon the principle that the wife is estopped by her deed from claiming dower, and it is insisted that a married woman can not be estopped by her covenants. True, she is not estopped by the deed from sotting up any title which she may ^afterward acquire in the land, and so it was held by the Supreme Court of New York. 17 Johns. 167. But she is estopped by her deed from setting up this claim. That is what the court says. Not that she is estopped by any covenant. And I would inquire if, where the wife relinquishes her dower, the deed does not operate as an estoppel, how does it operate? When the deed is executed she has nothing to grant, nothing to release. But if she survive her husband, and sets up a claim of dower, this deed will operate as a bar. Technically, it operates as an estoppel; it can operate in no other way. *200 I should prefer to say, however, that it operates by virtue of the Statute, leaving estoppels entirely out of the case.
Whether, then, we look to and adopt a literal construction of the statute, or whether we look to the common-law modo of conveyance by fine, or to the decisions of the courts of other states, upon statutes substantially like our own, we can have no doubt that a deed executed by husband and wife, in the manner and form as is the one before the court, must bar the wife of her dower; and such is the unanimous opinion of the court.
Where a mortgage deed is executed by husband 'and wife to incumber his land, and the land should be sold after his death to satisfy the debt secured, should any surplus remain after such satisfaction, the widow would bo entitled to her dower in this surplus. In the case now under consideration, the court of common pleas directed the surplus, if any, to be paid into court, to abide its order. And should there be such surplus, we can not doubt but that the court will so distribute it that no injustice will be done to the widow. The bill of review is dismissed.