JAMES GREENOUGH & others *vs*. ROBERT R. TURNER.

A wife does not "join in the deed of conveyance" of a homestead, according to *St*. 1851, c. 340, § 6, by simply inserting her name in the final clause of the deed, and signing and sealing it.

WRIT OF ENTRY to foreclose a mortgage, which, as given in evidence at the trial in the court of common pleas, was in the common form of a deed of warranty, beginning, " Know all men by these presents, that I, Robert R. Turner, of Charlestown," and in his name alone throughout until the last clause, which was in these words : " In witness whereof I, the said Robert R. Turner, and my wife, Pamelia W. Turner, have hereunto set our hands and seals the fifth day of November in the year of our Lord eighteen hundred and fifty one.

           " Robert R. Turner, [Seal.]
           " P. W. Turner,     [Seal.] "

Before this mortgage was made, the defendant and his wife had executed and recorded a deed of the premises as a homestead, pursuant to the *St*. of 1851, c. 340; and the defendant objected that the mortgage was invalid, because the wife had not joined in the conveyance, within the meaning of § 6 of that statute.

But *Mellen*, C. J. ruled, " for the purposes of the trial, that if the jury found that ' P. W. Turner,' whose name appeared on said deed, was the wife of the mortgagor, and that she wrote her name and executed the mortgage deed as it there purports to have been written and executed, that was in point of form a sufficient joining in the mortgage deed with her husband, the mortgagor, to defeat the homestead title."

The jury returned a verdict for the plaintiffs, and the defendant alleged exceptions, which were argued at October term 1857.

*J. Q. A. Griffin*, for the defendant, cited *Agricultural Bank* v. *Rice*, 4 How. 225; *Catlin* v. *Ware*, 9 Mass. 218 ; *Bruce* v. *Wood*, 1 Met. 542 ; *Richards* v. *Chace*, 2 Gray, 383.

*B. F. Jacobs*, for the plaintiffs. There was a sufficient execu-

tion of the deed by the wife to satisfy the *St.* of 1851, *c.* 340, § 6, providing that no conveyance of land exempted under that act shall be valid " unless the wife joins in the deed of conveyance." The legislature only intended ' ⁊ require that the wife should know that her husband made a ueed. In the case of dower, the statute requires an express release. Mass. Col. Ord. 1641, Anc. Chart. 99. Prov. St. 9 W. 3, Anc. Chart. 304. *Sts.* 1783, *c.* 37, § 5 ; 1823, *c.* 146, § 2. Rev. Sts. *c.* 60, § 7. *Fowler* v. *Shearer*, 7 Mass. 20. See also *Leavitt* v. *Lamprey*, 13 Pick. 382. In *Richards* v. *Chace*, 2 Gray, 383, the wife's name did not appear in the deed. In *Bruce* v. *Wood*, 1 Met. 542, the conveyance was of the wife's own land and interest.

METCALF, J. This is a writ of entry to foreclose a mortgage, made by the defendant, of his homestead estate, which was exempted, by *St.* 1851, *c.* 340, from sale or levy on execution. And the question is, whether his wife joined in the deed of mortgage, within the meaning of the sixth section of that statute, which declares that " no conveyance by the husband of any property, exempted as aforesaid, shall be valid in law, unless the wife join in the deed of conveyance."

The court are of opinion that the defendant's wife did not " join in the deed of conveyance," within the meaning of the statute above cited. That statute exempted a debtor's homestead from sale or levy on execution, and provided that the exemption should continue after his death, for the benefit of his widow and family, until his youngest child should be twenty one years of age, and until the death of his widow. The same provision was made in *St.* 1855, *c.* 238. And though both these statutes were repealed by *St.* 1857, *c.* 298, yet there was a proviso that such repeal should not affect any rights that might have been acquired under those statutes. By *St.* 1851, *c.* 340, § 6, which was in force when the mortgage to the plaintiffs was made, and on which this case must be decided, this right of exemption from sale or levy on execution shall not be defeated by the husband's conveyance of the homestead, unless his wife join in the deed of conveyance. The manifest intent of this section is, that the wife's right in her husband's homestead, like her right

to dower in his estate, shall not be barred or defeated by the act of her husband, without her concurrence in that act, by her relinquishing or releasing such right, by deed executed jointly with him.    How, then, is a wife barred of dower, by joining in a deed of his lands?    The provincial statute of 1697, (Anc. Chart. 304,) and the *St.* of 1783, *c.* 37, § 5, recognized the power of a wife to bar herself of dower in her husband's lands or tene-ments, by joining with him in a sale or mortgage thereof.    But the mere adding of her signature and seal to his deed of his real estate, without any words of conveyance or of release by her, never barred her right of dower.    It was always held under those statutes, that, to bar such right, she must not only join with her husband, in a deed of conveyance, by executing the deed, but that the deed, so executed, must contain apt words of grant or release by her, and that the court could not inquire into her intention in joining in the deed with her husband, if that intention was not manifested by the deed itself.    *Catlin* v. *Ware*, 9 Mass. 220.    *Lufkin* v. *Curtis*, 13 Mass. 223.    *Leavitt* v. *Lamprey*, 13 Pick. 382.    *Learned* v. *Cutler*, 18 Pick. 11. *Hall* v. *Savage*, 4 Mason, 273.    *Stevens* v. *Owen*, 25 Maine, 94. This construction of the elder statutes was incorporated into the provision of § 7 of *c.* 60 of the revised statutes, which enacts that " a married woman may bar her right of dower in any estate conveyed by her husband, by joining with him in the deed conveying the same, and therein releasing her claim to dower."    And it is our opinion that the construction, which was given to the *Sts.* of 1697 and 1783, as to a wife's barring her-self of a right to a life estate in one third of her husband's lands and tenements, by joining with him in a sale or mortgage thereof, must be given to § 6 of *St.* 1851, *c.* 340, as to her bar-ring herself of a right to a life estate in the whole of his home-stead, and his children of a right to a home there during their minority.    The deed of conveyance, under which the plaintiffs claim, is therefore not valid in law, because the grantor's wife did not join in that deed.    *Richards* v. *Chace*, 2 Gray, 383. And there must be a new trial of this case, unless the plaintiffs elect to become nonsuit.

The provision in *St.* 1857, *c.* 298, § 7, tends, perhaps, to con-firm our view of the law.   That section is as follows : " Any conveyance by the husband, heretofore made, or hereafter to be made, of any property exempted as aforesaid, shall be valid in law to defeat the interests of the wife and children in such prop-erty, she joining therein for the purpose of releasing her right to a homestead in said property, in the same manner in which a wife may now release her right of dower in the real estate of her husband."                                  *New trial in this court*