Wright, J.
Eleanor Ketchum filed a petition in the Court of Common Pleas of Coshocton county, asking dower in certain property of her late husband, Samuel Ketchum.
Defendant, Shaw, in his answer, says that on 2d April, 1860, Ketchum and wife mortgaged the premises to one Fleming, for $960. On January 22,1864, Fleming assigned the mortgage to James M. Burt. Afterward, Ketchum failed, and on or about April 6, 1867, made a general assignment of all his property to said Burt, for the benefit of his creditors, including the mortgaged premises. The deed of assignment was filed in the probate court. Burt qualified and proceeded to act as assignee. Under an order of sale from that court he sold all Ketchum’s property. That in petition described, mortgaged as stated, was sold to defendant Shaw for $1,879.75, and a deed was made to him. On the same day Burt entered satisfaction of the mortgage and received his pay.
Defendant further avers that Ketchum’s general creditors will only receive seventy cents on the dollar, and that Burt, assignee, has in his hands, from subsequent sales of real estate, more than $2,600.
Plaintiff replies and says that at the time of the sale of the mortgaged premises there was only about $700 due on the mortgage. That at such sale the assignee sold some *505 $6,000 or $7,000 of real and personal property, out of the proceeds of which he paid off the mortgage during the lifetime of Ketchum, the husband. And plaintiff says, therefore, that before the deed from Burt, the assignee, to defendant, the mortgage was paid off', and was not a lien; that it was paid out of the general estate of her husband, and having been so satisfied she is entitled to dower in the premises mortgaged. .
It does not anywhere appear in the proceedings that the condition of the mortgage was at any time broken.
This reply was demurred to. The court of common pleas sustained the demurrer and dismissed the petition. Appeal was taken. The district court sustained the demurrer, and proceeding to hear the cause on the petition and answer, found the facts set up in the answer to be true, and held that the petitioner was not entitled to dower, whereupon petition in error was filed in the supreme court.
A woman joins her husband in a mortgage. That mortgage is assigned, and the assignee becomes also the general assignee of the husband, who is insolvent. That assignee, now owning the mortgage, sells the mortgaged premises, under an order of the probate court, to the defendant. The assignee also sells other property, and out of the general fund pays himself his mortgage debt and cancels the mortgage, all during the life of the husband. Can the woman have dower out of the property in the hands of defendant, who so purchased the mortgaged premises of the assignee, under the order of the probate court ?
The property sold for about three times the amount of the mortgage. It does not appear that the wife had any notice of the proceedings in the probate court. The property of the insolvent does not fully pay his debts. To attempt to reconcile the cases on the question when the wife of a mortgagor is entitled to dower, with all their nice distinctions of seizin of legal and equitable estate, with the mortgage satisfied during his lifetime, or by his representa, fives after his death, and the rights arising before and after conditions broken, would be a fruitless task. Simply, it is *506 impossible. But since the cases of McArthur v. Franklin, 15 Ohio St. 485, and 16 Ohio St. 193, this much may be assumed to be the law of Ohio. Where the wife has joined in a mortgage foreclosed during the lifetime of the husband, she not being made party, after his death she has a right to redeem the mortgage, and then have her dower out of the property. Bower inchoate is not an estate, but it is nevertheless a right or interest in land of which a wife may not be deprived, except by proceedings to which she has been made party. When she has joined in a mortgage, her right is to redeem, if she so desire.
Taking this as a point of departure, in this case the wife executed the mortgage. The property has been sold, without notice to her, and it is therefore apparent that her right to redeem still remains. Having redeemed the mortgage, her right to dower at law would arise, or, what is the same thing, the offer to redeem would entitle her to the same right. But it appears the mortgage has been paid by her husband’s estate, so that it no longer exists, and such being the case, her right to dower is complete, without any questiou of redemption. This property sold for about three times the amount of the mortgage. It does not comport with Ohio notions of the rights of married women that she should be cut off from all this large interest, without any act of her own. Her executing this mortgage can not produce such a result. She joined in the conveyance of the land, releasing her 'dower, not absolutely, but only so far forth as it was necessary to pay the mortgage debt. That done, everything else remains to her.
Upon the other hand, her release of dower is absolute, to the extent of the mortgage debt, and can be taken for its satisfaction, if necessary, and her rights in the property do not begin until that is disposed of.
The facts show that from the amount for which the mortgaged property was sold, there was enough to pay: 1. The mortgage debt; 2. The dower in the whole property.
The proper course for the assignee to have pursued would have been to sell subject to dower. Such a sale would have *507 liquidated the mortgage obligation, the wife’s right remaining intact. The mortgagee could not have objected to this, so long as his debt was paid, and no one else had the right to object. Indeed, there is nothing in the record to show but that this may have been the case, the purchaser assuming to take the property with the burden of dower upon it. At all events, he can but occupy the position of the mortgagee, who is the only one entitled to claim anything against the wife, as it is only for his benefit that her release is made. His debt being paid, his interest in the wife’s property ceases, and the purchaser’s claim is like the mortgagee’s, and of like extent.
But it is claimed that the sale by the assignee in insolvency bars this claim for dower. The statute (S. & S. 395, 396) provides that the assignee shall proceed to sell the property assigned, under the order of the probate court, and when such sales are had, “ deeds shall be made to the purchasers, conveying the title free from all liens on the same for all debts due by the assignor.” It is supposed that under this language the sale conveys the right of dower. Such may be the ease as to all property of the husband. It is that alone which is assigned. The assignee can certainly not sell anything belonging to the wife. Nothing of the kind has ever been transferred to him. The interest of the husband, which is conveyed, is just as distinct from the interest of the wife, which is not conveyed, as in the case of tenants in common. It would not be contended that if one tenant in common had assigned, in insolvency, his interest, that that óf the. other could be sold by the assignee under any possible order of the probate court. Now it is true that the wife has, by deed, released her dower, but it must be considered for what purpose that release was made. Not absolutely, as before said, but only for the purposes of the mortgage, and when the property pays that debt, the release is at an end. The moment, therefore, the assignee sells more than enough to pay the debt, that moment he begins to sell the property of the wife, and this he has no right to do, and therefore can convey no title as against her.
*508 Counsel contend that the ease of St. Clair v. Morris, 9 Ohio, 15, is decisive of this case. They are alike in some things, but the concluding words of the opinion show the difference: “ In the present instance, the proceeds were not near sufficient to pay the mortgage debt. The petition, therefore, has no equity, and the bill must be dismissed.”
It can not certainly be claimed that the assignee can convey any higher or better right than the husband, who conveyed to him. This proposition need not be argued; it is established by its statement. It is just as clear that the husband could not have alone conveyed the equity of redemption, so as to bar his wife’s dower. The assignee, then, can not do it.
It therefore follows that the mortgage debt having been paid, the wife is entitled to dower in the premises described, and this right can not be cut off by any proceedings in the probate court to which she was not a party.
The district court erred in sustaining the demurrer to the reply and in rendering the judgment which it did. The demurrer iá overruled, judgment reversed, and cause remanded for further proceedings.