Doyle, J.
It is conceded in argument that James W. Dingman had, during coverture, an estate of inheritance in the lands in controversy. He was seised of the legal title in fee-simple, charged with a lien in favor of the legatees.
Under the first clause of the statutes, S. and C. 516, § 1, on the concurrence of marriage and seisin, the wife became invested with dower inchoate, and had there been no lien upon or interest in the land superior thereto, on the death of the husband she would have been entitled to an assignment of dower out of the whole of the land. The entire interest of the husband, both legal and equitable, was sold during coverture, but, as -we shall see, sold under a decree to enforce a lien which affected the husband's interest alone.
The question presented is, whether the proceedings and sale, in the action of the executors against the husband and others, were sufficient to bar the dower of the wife, which was then inchoate.
The action by the executors, it must be remembered was not to sell the land as pari of the estate of the testator for the payment of debts or legacies, but was an action against James W. Dingman to enforce the lien of a judgment against his lands upon a claim due from him to the estate. The executors were not charged with the payment of the legacies, and were not aulhorized, nor did they attempt, to enforce the lien of the legatees in the action under which the land was sold.
We have no doubt that the lien of the legatees was superior to the dower of the wife. If the land had been sold under a decree of the court, in an action prosecuted to enfoice that lien, either by petition or cross petition to which she was properly made a party, it might be difficult to hold that she was not barred of her dower in the whole land, whatever her rights might be in the surplus of the purchase money, left after paying such lien, the sale being made during the life of her husband. See Taylor v. Fowler, 18 Ohio, 569; Unger v. Leiter, 32 Ohio St. 210; Black v. Fuhlman, 30 Ohio St. 196.
In such action, however, she might have the right, where, as in the case at bar, the value of the land was greatly in excess of the amount of the lien, to show that fact, and, if it could be *178 done without injury to any of the parties interested, to require that enough of the land be sold to pay the lien free from her dower, leaving it unaffected in the remainder. The failure to make her a party cannot have the effect of placing her in a worse position. That she was a necessary party in order to foreclose her rights has been frequently held by this court.
In Ketchum v. Shaw, 28 Ohio St. 506, it was held “ where a wife has joined in a mortgage foreclosed during the lifetime of her husband, she not being made a party, after his death she has the right to redeem the mortgage, and then have her dower out of the property. Dower inchoate is not an estate, but it is nevertheless ’ a right or interest in land of which a wife may not be deprived except by proceedings to which she has been made a party.” To.the same effect is McArthur v. Franklin, 15 Ohio St. 506; 16 Ohio St. 196; and Parmenter v. Binckley, 28 Ohio St. 32.
If the husband is seised of a legal estate of inheritance during ^overture, it 'cannot make any difference whether that estate is charged with a lien, -which is superior to the inchoate dower of the wife, by reason of some fact or occurrence to which her assent was not necessary, as in the -case at bar, or because of a mortgage in which she joins with her husband releasing her dower. In either case the lien is paramount to her dower to the extent of it, and must bo first satisfied out of the land before dower can be assigned.
Mary J. Dingman was not a party to the action under which the land was sold. The claim, to enforce which the executors brought their action, was a judgment against the husband, taken during coverture, for the payment of which her interest in the land wras not liable. If there were no liens upon the land superior to her inchoate dower, to be enforced in the action, she would in no sense be a proper party. 28 Ohio St. 35. The legatees were not attempting to enforce the lien which they had for. the amount of the legacies. It is true they were made parties- defendant, and the petition of the executors stated the nature and extent of their interest; but no answer or cross petition was filed by them, and no affirmative decree was or could be granted to them in the absence of such cross petition. *179 Tlie decree ordered that in case the amount found due the plaintiffs was not paid the land should be sold, and in case of sale, • out of the proceeds, the lien of the legatees should be paid.
But the sale made under such decree can in no sense be said to be in an action to enforce a lien, superior to the inchoate interest of the wife, which will remit her to the surplus proceeds of the sale. The most that can be claimed (if indeed that can be), is that the purchaser, the legacies being paid out of the purchase-money, is subrogated to the rights of the legatees as against the widow. It is entirely evident that if the decree in favor of the executors, which did not preclude the dower of the wife, was paid, the entire decree was satisfied. No other party to it could have the land sold under it.
The case, therefore, in this respect is determined by Parmenter v. Binkley, supra. In that case Binkley, the husband, executed a mortgage to Day & Matlack in which the wife did not join, and also one to Peter Face, in which she did join. Day & Matlack, filed a petition against Binkley to foreclose, making Face, Mrs. Binkley and sundry judgment creditors of the husband parties. Face filed an answer setting up his mortgage, but asking no affirmative relief, and none was granted. Mrs. Binkley filed no answer. Decree was rendered in favor of D. & M., the land was sold, and the proceeds exhausted by the prior mortgage. Binkley having died, Mrs. B. sought to redeem the mortgage to Face and recover dower in' the premises. The court held that these proceedings did not bar her right to recover; that to have that effect, Peter Face should have filed a cross petition, asking for a foreclosure of his mortgage, making her a party thereto and have taken a decree thereon ; and not having done so, and the land being sold under a decree for the plaintiffs whose claim did not preclude her dower, she was entitled to redeem and have dower assigned. “ It cannot be maintained that she is barred by.a proceeding in which her rights have not been alluded to, and which did not purport to affect them.” Much less can it be maintained that she is barred by a proceeding to which she. was not a party at all, *180 instituted .to enforce a lien inferior to her rights, and in -which the holders of the only lien superior thereto, made no appearance, filed no pleading, and in which the court did not attempt to affect her interest.
The land sold for $6,500; the amoiint paid the legatees was $899.15; the court below decreed to the defendant in error dower in fifty-six sixty-fifths of the land. As nine sixty-fifths of the purchase-money was paid to the legatees, the effect of the decree is to sustain the title of plaintiff in error, to nine sixty-fifths of the land free from the dower. This is an unusual way of working out the rights of the parties, but we are not disposed to disturb it here for two reasons. First, because while complaint js made of this, it is not claimed, that if defendant in error is entitled to dower at all, she gets thereby more than she would if required to' redeem, and then have dower assigned in the whole. The land was appraised at $9,500. She was not bound to accept the purchase price, at execution sale, as the true value of the land, and it is quite evident that if-any one is prejudiced by the decree, it is not the plaintiff in error. Second. It is by no means certain that she was not entitled to dower in the whole land. In the action under which the land was sold, the legatees filed no answer and were in default, as were all of the other parties defendant. There was no claim asserted against the interest of the wife. After paying the plaintiff’s claim, the balance of the money was brought into court. Whose money was it ? No one bad set up any claim to -it, and in tbe absence of such claim by any of the defendants, it would seem to belong to the defendant James W. Dingman, and it was with this money. that the legacies were paid. It is true they were so paid by order of the court, in an action in which the purchaser was one of the plaintiffs, and which could only affect the husband’s interest; and out of proceeds arising from tbe sale of the husband’s interest alone. If the legatees had not been made parties, and the surplus, of the proceeds was used to pay their claim, it would clearly be held to be paid by moneys of the-husband, wbieli would extinguish tbe lien. We are not willing to say that making tbe legatees parties where they wholly fail- *181 to assert any claim or seek any relief against the interest of the wife changes the rule.

Judgment affirmed.