BEULAH STELLE, PLAINTIFF IN ERROR v. DANIEL CARROLL, OF
DUDDINGTON, DEFENDANT IN ERROR.

Dower.  The doctrines of the common law, on the subject of dower, although since
altered by an act of assembly of Maryland, were still the law of Maryland, when
the United States assumed jurisdiction over the District of Columbia: and the act
of congress of February 27th, 1801, which provides for its government, declares
that the laws of Maryland, as they then existed, should continue and be in force
in that part of the district which was ceded by that state.
According to the principles of the common law, a widow was not dowable in her
husband's equity of redemption; and if a man mortgages in fee, before marriage,
and dies without redeeming the mortgage, his widow is not entitled to dower.
Mortgages were made during the coverture, but the mortgage deeds were acknow-
ledged by the wife upon privy examination; and these acknowledgments, under
the acts of assembly of Maryland of 1715, ch. 47, and 1766, ch. 14, bar the right of
dower in the lots thus conveyed to the mortgagee.  The legal estate passed to the
mortgagee; and the husband retained nothing but the equity of redemption: and
as the wife had no right of dower in this equitable interest, a subsequent deed,
executed by the husband, conveyed the whole of his interest in the estate, and
was a bar to the claim of dower.  It was not necessary for the wife to join in such
a deed, as she had no right of dower in the equity of redemption, which was con-
veyed by the deed.

IN error to the circuit court of the United States, for the county of
Washington, in the District of Columbia.

The plaintiff in error brought an action claiming to be endowed
out of certain lots, with the improvements on them, being No. 16
and No. 17, in square 728, in the city of Washington; and relied on
the following circumstances, as giving her the right thereto.

On the 24th of August, 1804, George Walker and William Turni-
cliffe conveyed, in fee simple, to Pontius D. Stelle, lots 16 and 17, in
square 728, in the city of Washington.   And on the 25th of August,
1804, Pontius D. Stelle reconveyed these lots to William Turnicliffe,
by way of mortgage, to secure the payment of the purchase money;
but his wife did not relinquish her dower.

On the 14th day of November, 1808, Pontius D. Stelle executed
to Peter Miller another deed of bargain and sale, in fee simple, of
lot 18, in square 728; and Beulah Stelle, his wife, joined with him in
the acknowledgment, and relinquished her dower.

On the 1st day of March, 1810, Pontius D. Stelle conveyed the

VOL. XII.—2 C

[Stelle v. Carroll.]

same lots to Peter Miller, in fee simple, by way of mortgage, and Beulah Stelle, the demandant, relinquished her dower in them.

On the 28th of January, 1811, Pontius D. Stelle executed another deed, in fee simple, to Peter Miller; by which, after reciting that he had, on the 25th of August, 1804, mortgaged lots 16 and 17 to William Turnicliffe, to secure the payment of four thousand dollars, the balance of which had been, or was, secured to be paid to Turnicliffe by Miller, " and from which the said Pontius D. Stelle is wholly released and exonerated;" that Miller had advanced to him (Stelle) several large sums of money, for securing the payment of which he (Stelle) had conveyed to Miller lot 18, in square 728, with a deed of defeasance from Miller to Stelle; which sums of money " Stelle having failed to pay to the said Miller, the said conveyance of lot numbered 18 to the said Miller hath become absolute and unconditional;" and that Stelle is desirous of " more fully conveying and assuring the above described lots of ground to the said Peter Miller;" and for the consideration of eight hundred and ninety-two dollars and ninety-eight cents, he proceeded to convey, by bargain and sale, to the said Peter Miller, his heirs and assigns, the said lots 16, 17, and 18, " and all the right, title, interest, property, claim, and demand, whether in law or equity," which he had in them; with covenants of general warranty (" except the liens abovementioned,") and for further assurances. This deed has no release of dower.

Afterward Pontius D. Stelle left the possession of the said lots, and they were sold under a decree of the court of chancery of Washington, by Zachariah Walker, trustee, and were purchased by the defendant, and the buildings on lot 16 were erected, after the deed to Peter Miller, in 1811; and not by P. D. Stelle.

The circuit court instructed the jury the plaintiff could not recover, and a verdict and judgment were rendered for the defendant, who thereupon prosecuted this writ of error.

The case was argued by the Messrs. Brent for the plaintiff, and by Mr. Bradley, and Coxe for the defendant.

The plaintiff's counsel relied on the following points for reversing the judgment.

1. The defendant, claiming under the deed of 1811, from P. D. Stelle to Peter Miller, could not deny the seisin by P. D. Stelle of the premises in question at that date.

2. That the mortgage to Turnicliffe was no bar to the claim for dower, because the wife did not join in it, and because the deed of 1811, from Stelle to Miller, recites the satisfaction of this mortgage.

3. That the two mortgages from Stelle and wife to Peter Miller, were absolutely satisfied and discharged, by the sale of the equity of redemption in 1811, to Peter Miller by said Stelle.

4. That, admitting the existence of outstanding mortgages, in which the demandant had joined, still such mortgages are no bar to this demand; because the said defendant does not hold under said mortgages, or any of them, but alone, under the deed of 1811.

5. That where the tenant in possession has not entered under existing mortgages, the fact of there being such outstanding mortgages is no bar to dower.

6. That the demandant did not duly and legally relinquish her dower by any deed, as alleged.

For the plaintiff, the following cases were cited; 6 John. Rep. 290; 7 John. Rep. 281; 9 John. Rep. 344; 13 Mass. 228; 4 Kent's Com. 44, 45; 2 Halstead's Rep. 408; 5 Pickering's Rep. 416, 475; 3 Wheat. 226, 227; 17 Mass. 564; 15 Mass. 278; 1 Cowan, 460.

The counsel for the defendant in error contended:

1. That Pontius D. Stelle never had an estate in lots 16 and 17; of which the demandant could be endowed.

2. That if he had such estate, yet she has relinquished her dower by the deed of the 1st of March, 1810; and if any equity remained in her, (which the defendant denies,) it was released by the deed of her husband of the 28th of January, 1811.

Cases cited: 1 Atkyn's Rep. 441, 442; 6 John. Rep. 294; 7 Greenleaf's Rep. 42, &c.

Mr. Chief Justice TANEY delivered the opinion of the Court.

This is an action of dower, and was brought by the plaintiff in error against the defendant, in the circuit court for Washington county, in the District of Columbia, to recover her dower in lots No. 16, 17, 18, and 19, in square No. 728, in the city of Washington. At the trial of the case, the circuit court instructed the jury that the demandant was not entitled to recover; to which instruction, no exception was taken: and the verdict and judgment being for the defendant, the case has been brought here by the demandant, by writ of error.

The claim for dower in lot No. 19, seems to have been abandoned, as no evidence in relation to it is contained in the record. As respects the other three lots, it appears that Pontius D. Stelle was seised of them in fee, during the coverture of the demandant; and being so seised, by deeds duly executed and recorded, mortgaged them in fee to a certain Peter Miller. The deeds were acknowledged by the demandant, on privy examination, according to the act of assembly of Maryland; which was in force when congress assumed jurisdiction over the District of Columbia.

Lots No. 16 and 17 had been encumbered by Stelle, by a previous mortgage, to a certain William Turnicliffe; and after these several mortgages had been made, Stelle executed a deed to Miller, dated January 28th, 1811, duly acknowledged and recorded; in which, after reciting that he had mortgaged lots No. 16 and 17, to Turnicliffe, to secure the payment of four thousand dollars, the balance of which had been paid by Miller, and from which the said Stelle was wholly released and exonerated; and reciting also, that Miller had advanced to Stelle several large sums of money; to secure which, Stelle had conveyed to him lot No. 18, with a deed of defeasance from Miller to Stelle; which sums of money the said Stelle having failed to pay, the conveyance of this lot had become absolute and unconditional; and that the said Stelle was desirous of more fully conveying and assuring these lots to Miller, he, the said Stelle, in consideration of the premises, and for and in consideration of the sum of eight hundred and ninety-two dollars and ninety-eight cents, paid him by the said Miller, the receipt of which he thereby acknowledged, did " give, grant, bargain, sell, alien, release, and confirm" these three lots to the said Peter Miller, his heirs and assigns. The deed contained a covenant of general warranty, " *excepting the liens beforementioned.*" The demandant did not join in, nor acknowledge this deed. Stelle died in 1828; and was out of possession of these lots for some time before his death. The defendant, Carroll, claims under Peter Miller.

The case has been fully argued, and many decisions in different state courts have been cited and relied on, in the argument. It is, however, unnecessary to review and compare them; because the question must depend on the laws of Maryland as they stood at the time that congress assumed jurisdiction over the District of Columbia; and the decisions referred to in the argument, although made by tribunals entitled to high respect, yet cannot be received as evi-

dence of the law, in the case before us: since it is well known, that in the states where these decisions have been made, the rules of the common law, in relation to dower, have been modified by a course of judicial decision; and the strictness of the rule which excluded the widow from dower, in an equitable interest, has been, in some degree, relaxed. But the doctrines of the common law upon this subject, (although since altered by act of assembly,) were still the law of Maryland when the United States assumed jurisdiction over this District; and the act of congress, of February 27th, 1801, which provides for its government, declares that the laws of Maryland, as they then existed, should continue and be in force in that part of the District which was ceded by that state.

It is not necessary to refer to adjudged cases, for the purpose of proving, that, according to the principles of the common law, a widow is not dowable in her husband's equity of redemption; and if a man mortgages in fee, before marriage, and dies without redeeming the mortgage, his widow is not entitled to dower. In this case, the mortgages were made during the coverture; but the mortgage deeds were acknowledged by the wife, upon privy examinations; and these acknowledgments, under the acts of assembly of Maryland, of 1715, ch. 47, and 1766, ch. 14, which are in force in this District, debarred her of the right of dower in the lots thus conveyed to the mortgagee. The legal estate passed to the mortgagee, and the husband retained nothing but the equity of redemption; and as his wife had no right of dower in this equitable interest, the deed of Stelle to Miller, of January 28th, 1811, abovementioned, conveyed to Miller the whole interest which had remained in Stelle. It was unnecessary for the wife to join in, or to acknowledge this deed; for as she had no right of dower in the equity of redemption, she had no interest to relinquish, when her husband conveyed it to Miller.

The recitals herein beforementioned in the deed of January 28th, 1811, have been much relied on, in the argument for the plaintiff in error; and it is insisted that, according to the facts there stated, the mortgage to Turnicliffe had been paid off by Miller; and that as it does not appear in the record, that it had been assigned to Miller, the payments made by him, as recited in the deed abovementioned, were a satisfaction of the mortgage, and restored to Stelle the legal estate; and consequently revived the right of dower in his wife, in lots No. 16 and 17, which had been mortgaged to Turnicliffe. But it must be remembered, that Miller held a mortgage to himself

for these lots, junior to that of Turnicliffe; and that the payments made by him, to discharge a prior incumbrance, would not enure to the benefit of Stelle; but that Miller had a right to hold on to the legal estate conveyed to him by his mortgage-deed, to secure the payments he had made to Turnicliffe; and Stelle was not entitled to be restored to his legal estate in these lands, until the payments to Turnicliffe were satisfied, as well as the money due to Miller on the mortgage to himself. Besides, if these payments to Miller could be regarded as an extinguishment of the incumbrance created by the mortgage to Turnicliffe, yet the mortgage of the same lots to Miller was outstanding and unsatisfied. The interest of Stelle, therefore, even in that case, could be nothing more than an equity of redemption; and the satisfaction of Turnicliffe's mortgage by Stelle himself, would not have restored to the demandant the right of dower, of which she had debarred herself, by acknowledging the deeds to Miller, herein beforementioned. The conveyance of the equity of redemption to Miller, for a valuable consideration, united in him the entire legal and equitable interests; and this conveyance cannot, upon any principle of law or justice, give a right of dower in these lots to the wife of Stelle.

We think the instruction given by the circuit court was right; and the judgment must therefore be affirmed.

This cause came on to be heard on the transcript of the record from the circuit court of the United States for the District of Columbia, holden in and for the county of Washington; and was argued by counsel. On consideration whereof, it is now here adjudged and ordered by this Court, that the judgment of the said circuit court in this cause be, and the same is hereby affirmed, with costs.