White, J.
The petition in this case was filed by the plaintiff, to redeem her right of dower, as widow of Allen C. McArthur, deceased, from a mortgage executed by her husband and herself to secure a debt of the husband ; and, on payment of the debt, to have dower assigned in the mortgaged premises.
The answer of the defendant sets up, in bar, the fact of the foreclosure of the mortgage by a suit in chancery against the husband in his lifetime, to which the plaintiff was not made a party. To this answer the plaintiff demurred. At the last term of the court, this demurrer was sustained. 15 Ohio St. 485.
The case is now before us for directions as to the mode in which the account shall be taken between the parties; and the matters involved have been elaborately argued by the learned counsel representing the respective parties.
On the part of the defendant it is insisted that he is not liable to account, for the reason that the plaintiff has no right to redeem. It is said that error intervened in sustaining the demurrer; and we have been asked to reconsider our former conclusion. We have done so ; and the result is, that our opinion remains unshaken as to the correctness of the judgment rendered on the demurrer.
It would be impracticable, within any reasonable compass, to review the authorities cited in the argument of this case, or to notice in detail all the points made by counsel, which are supposed to have a bearing upon the determination of the questions involved.
In the former opinion, we endeavored to distinguish this case from the various classes of cases to which we did not regard it as belonging, and to state the conclusions of the majority of the court, and the equitable principles upon which these conclusions were then, and are still, supposed to rest. We will now, without again repeating what was then announced, endeavor, briefly, and in con *181 nection with some of *the propositions submitted on behalf of the defendant, to state with somewhat more particularity the application of these principles to the case.
The statute under which the plaintiff derives her right of dower provided: (1.) “That the widow of any person dying shall be endowed of one full equal third part of all the lands, tenements, and real estate of which her husband was seized as an estate of inheritance at any time during the coverture; and (2) she shall, in like manner, be endowed of one-third part of all the right, title, or interest that her husband, at the time of his decease, had in any lands and tenements held by bond, article, lease, or other evidence of claim.”
The statute gives dower in two classes of estates: by the first clause, in estates of inheritance of which the husband was seized at any time during coverture; by the second, in such equitable interests, or estates, as are therein described, and which he owned at the time of his decease.
The plaintiff can claiin nothing under the last clause of the statute; for her husband had no interest whatever in the land at the time of his death. Dower inchoate can not arise under this clause. The right given to the widow, under it, does not accrue to her in any form until the death of the husband. Ho instanti with his death the right attaches to the equitable estates of which he may die possessed. Before his death, such right has no existence, and, over such estates, while he lives, he has the absolute power of dis|>osition.
But the husband of the plaintiff was seized of an estate of inheritance during coverture; and under the first clause of the statute, on the concurrence of marriage and seizin, she became invested with dower inchoate; and had she not joined in the mortgage, her dower would have become consummate on the death of her husband.
The questions then arise: (1.) What was the legal effect of the mortgage upon the dower inchoate of the plaintiff? (2.) What were the equitable rights of the parties, under the mortgage, either before or after condition broken ?
The first questioh is answered by the second proposition in one of defendant’s printed briefs—(the first proposition having no reference to the matter now under consideration)—and is thus stated:
That plaintiff’s right to dower became and is barred and *182 released at law by her uniting with her husband in the mortgage, and the forfeiture of its conditions.”
We assent, fully, to this proposition; and will remark here, that this is the effect, as between the plaintiff and the mortgagee, and those claiming under him, with or without a foreclosure of the mortgage. This was the proposition involved in Stille v. Carroll (12 Peters, 203), to which our attention was specially invited at the last argument. No question as to the widow’s -right to redeem arose. It was an action of dower at law.
The third proposition of defendant is as follows:
“ That the plaintiff, during the life of her husband, was not, either before or after the execution of the mortgage, vested with any estate in the mortgaged premises.”
To this proposition we likewise assent. In this connection it is proper to remark that, although dower inchoate is not an estate. nevertheless, it is a right or interest in the land, created by the law for the wife’s benefit, and vested in her. It is a legal right, contingent, it is true, upon her surviving her husband, as to whether it will ripen into a right, in her, to have it assigned, and to enter upon its enjoyment, but not otherwise uncertain. It is a right valuable to the wife, and valuable in respect to the estate. Its existence diminishes, while its extinguishment enhances the value of the inheritance. Having once attached by the concurrence of seizin of the inheritance in the husband and coverture, its continued existence does not depend upon the continuance of the husband’s seizin. His alienation does not impair the right. It is inseparable from the inheritance, and attends it to whomsoever it may pass until discharged by her own deed, or in some other statutory mode. And while admitting that dower inchoate is not an estate, yet it may also be said that, strictly^ speaking, neither is dower, the title to which has become consummate, until after it is assigned in the land.
Conceding, then, that the plaintiff’s right to dower became barred at law, on the mortgage becoming absolute, and that she had not, 201] during the life of her husband, nor has now, any *estate in the mortgaged premises, the second question above stated remains, viz: What are the equitable rights of the parties uhder the mortgage?
The plaintiff’s claim is, not that she has a legal right to dower, but that she has in equity a right to redeem her dower from the forfeiture, by paying the mortgage debt, and, when the debt is paid, to nave her dower assigned.
*183 The defendant’s counsel deny the existence of any such right. Their claim is stated in the fourth proposition of their brief, as follows: “That the entire fee simple estate, before the forfeiture of the condition, was in the husband; and after the forfeiture, and before and at the time of the foreclosure and sale, the right, in equity, to redeem the premises from the effect of the forfeiture was vested in the husband—no such right, to any extent whatever, being then vested in the plaintiff; that her joining in the mortgage was ,not as mortgagor, but merely by way of release of her inchoate right of dower, for the purposes of the mortgage.”
That the fee simple was in the husband, is admitted; but that falls short of reaching the question whether there was a right in the wife, before the forfeiture, to redeem her dower by paying the debt. The right of a redemptioner does not depend upon his having an estate. A widow whose dower has not been assigned has, properly, no estate in the lands; yet, it is conceded, she would be a necessary party in a suit to foreclose, and of course could redeem either before or after condition broken. So a judgment lien-holder may redeem, yet he has no estate.
But the real question upon which the controversy turns is, whether the right to pay the debt and discharge the mortgage was exclusively in the husband ? If it was, there would have been no propriety in making the plaintiff a party to the said foreclosure, and she can take nothing by the omission.
It is said, in the last clause of the proposition, that she joined in the mortgage not as a mortgagor, but merely to release her inchoate right of dower, for the purposes of the mortgage. The primary purpose or object of the parties, in giving the mortgage, was to secure the payment of the debt. This purpose the plaintiff does not seek to defeat, but avers it to *have been accomplished, or, if not, declares her readiness to pay what may remain of the debt unpaid.
But it may be said, a further purpose of the mortgage was, that it might be forclosed on default. This is true. But was the wife to be omitted as a party? Certainly not, if it was necessary to foreclose any right of hers. This brings us back to the question, whether the right to pay the debt and discharge the mortgage was in the husband exclusively, or whether the wife might not pay it, and thus reclaim her dower.
The nature of the instrument, in the light of a court of equity, *184 shows it to be a mere security. The husband pledges his estate in fee, the wife her dower—inchoate, it is true, yet a legal right or interest in the land—valuable in respect to the land, and valuable to her and to the mortgagee. We do not perceive any grounds on which the operation of the instrument can be said to be conditional as against the husband, and yet absolute as against the wife. Their interests were different, it is true, but they were alike in being designed as a security merely, and in both being pledged to secure the same debt. Being alike, in this respect, we do not see why the ordinary principles of equity, for relieving against penalties and forfeitures arising upon instruments, and in relation to subjects designed by the parties as a security merely, should not be applied to the interest of the wife, as well as to the estate of the husband. Before default, we can see no good reason why either had not the right to perform the condition and redeem the pledge. If the plaintiff had this right before default, it was not lost by the deed becoming absolute. For equity will relieve against the forfeiture, allow the condition to be performed, and, on payment of the debt, restore the pledge.
Here the defendant claims to have derived the dower rights of the plaintiff through, or that they have become extinct under, her own mortgage; and the question simply is, whether, before foreclosure as against her, she has the right to perform the condition ?
It is admitted that, if the foreclosure had not taken place in 203] McArthur’s lifetime, but had been brought against the *heirs after his death, the plaintiff would have had the right to redeem, and would have been a necessary party to foreclose that right. But this right is made, by counsel, to depend upon the fact of the husband having died seized of the equity of redemption. If, before his death, this equity had been assigned,, either by his voluntary alienation, or by foreclosure against him alone, which would be the same thing in legal effect, the right of the widow, it is said, woirld thereby be extinguished.
The clear effect of this would be, in all cases where the wife joins in a mortgage for any sum, however small, upon any estate, however great in value, to place her dower at the absolute disposal of the husband.
• The plaintiff’s right to redeem, in our opinion, does not depend upon the fact as to whether her husband was seized of the equity of redemption at the time of his death; but upon the nature of the *185 mortgage.. To this she was a party, and under it alone the defendant can claim to defeat her dower.
The cases of Leonard v. The Adm’r of Villars (23 Ill. 379) and of Gilbert v. Maggord (1 Scam. 471), and first called to our notice at the last argument, are directly in point.
Another proposition. made on behalf of the defendant is, that the first section of the act relating to dower passed January 28, 1823, was repealed by the act now in force, passed March 27, 185S (55 Ohio L. 25); and that the repeal was effected at the date of the act last named.
The last act is like the section repealed, except that it extends the right of dower to estates in remainder and reversion, and was passed as an amendment to the section repealed. No time is named in the'new act when it shall take effect; but there is a general law which provides that every law passed which contains no provision as to the time when it shall take effect, shall take effect on the first day of May next after its passage.
The point made is, that the new act took effect immediately on its passage, so as to repeal the section which it was designed to amend; but that its operation for all other purposes was postponed to the first day of May following. The ^husband of the plaintiff died, it is said, between the 27th of March and the 1st of May. Hence it is claimed that the plaintiff has not a right of dower, -for the reason that there was no law in force giving dower at the date of hfer husband’s death.
The rule upon the question raised is thus stated in Smith’s commentaries on the construction of statutes : “ Where the provisions of a revising'statute are to take effect at a future period, and the statute contains a clause repealing the former statute upon the same subject, the repealing clause does not take effect until the other provisions of the repealing act come into operation.” Smith’s Com. on Stat. Construction, 902, sec. 783.
We have no doubt this is the correct construction of the act now in question. The effect of the general statute prescribing when laws containing no special provision on the subject shall go into operation, has the same effect upon the act in question as if the latter had contained a provision prescribing the 1st of May as the time at which it was to take effect.
Brown v. Lapham (3 Cush. 552) was a suit in which the demand-ant sought to recover dower directly, without redeeming a mort *186 gage held to be subsisting as against her, and given by her husband in his lifetime, and in which she joined. At the time of the husband’s death, his equity of redemption being vested in his assignees in insolvency, they afterward sold the land; and the purchasers subsequently acquired the mortgage. Shaw, C. J., in delivering the opinion denying dower to the demandant, clearly states the ground upon which we put the ease of the present plaintiff, as fol lows: “ The demandant, having thus joined with her husband in a mortgage to secure the payment of a debt, has barred hei'self of her right to dower, if necessary to give effect to her act of release ; that is, so far as shall be necessary to secure the payment of the debt for which the estate was hypothecated. After such an alienation, she can only avoid the effect of her deed, and be restored to ber right of dower in one of two modes: 1. When the debt should 205] be paid and satisfied by *the husband, or by some person acting in his behalf and in his right, so that the mortgage is extinguished, by means of which the whole object and purpose of giving it is accomplished; 2. By redemption by payment of the debt herself. The latter can only be sought by a process in equity, and tendering the payment of the mortgage debt. This not being such a process, and the demandant not having made any such payment, her right of redemption on payment of the mortgage debt is not open for consideration in the present case.” And on p. 157: “ It is manifest, therefore, that the mortgage is a good and available security in their hands against the plaintiff, for the amount for which she joined in hypothecating her right of dower; and that she can only be remitted to that right by a redemption, by payment of the debt.”
Notwithstanding one member of the court differs from us on this question, yet, upon mature consideration, we have been able to arrive at no other conclusion than the one announced in sustaining the demurrer to the answer.
It is further claimed on behalf of the defendant that—
“If the plaintiff had been made a party (and served with process) to the bill to foreclose, the utmost extent of any right she could have had secured to her, would have been to have one-third of the surplus proceeds of the sale remaining after discharging the mortgage invested, to the end that in the event of her surviving her husband-, the interest upon such one-third would be secured to be paid to her during her life after the death of her husband.”
*187 To this proposition we are unable to assent. It is founded upon the idea that the rights of the plaintiff, after making the mortgage, were limited to the surplus money arising from the sale after paying the mortgage debt.
The husband of the plaintiff, during coverture, was seized of a clear and unincumbered estate of inheritance, to which her right of dower attached. As against all persons other than the mortgagee and those claiming under him, she would have been entitled, on the death of her husband, to full dower. As against those claiming under the mortgage, she had the *right to redeem; but without redemption, her right of dower was subject to the mortgage, which would have been dower in the equity of redemption.
After condition broken, the inheritance must be either in the mortgagor or mortgagee; and, under the statute, the right of dower attaches in favor of the wife of whichever is seized of the inheritance. Such a seizin and coverture are the only facts upon the concurrence of which dower inchoate is made to depend. Where they have concurred, the statute expressly declares the widow shall have dower. But the interest of the mortgagee goes not to his heirs, but to his personal representatives. His widow can not have dower, because he was not seized of the inheritance; and if he was not, the seizin must still continue in the mortgagor. The equity of redemption (the estate of the mortgagor) is the real and beneficial estate, descendible by inheritance, and only alienable by deed; and where the husband, as in this case, is not divested of his estate by any paramount lien or title, it seems to us clear that the right of the wife to dower continues, subject to the mortgage, until the latter is foreclosed in a suit to which she is a party. And the plaintiff not having been made a party to the fereclosure which was had against her husband, we regard the proceedings, so far as concerns her interest, as wholly inoperative.
As against the plaintiff, the position of the defendant is the same as if he derived title under a sale on execution, except that he also acquired the interest of the mortgagee. But when the debt is paid, his interest as mortgagee ceases.
It is no answer to the plaintiff’s claim to say that she would have been unable or unwilling to redeem had she been made a party; nor that the amount she would have been required to pay would have exceeded the value of her interest. The rule of law must necessarily be stable and uniform—the same where the debt is small *188 and the estate large, as where the converse is the fact. The same objections might, in many cases, be made against the mortgagor of the fee, or any lienholder not a party to the foreclosure who sought to redeem.
The next question is: If the plaintiff is allowed to redeem, on what principles shall it be done?
*In the first place, it may be remarked, it will not do to say, arbitrarily, that, in taking the account, the use of the land and the interest on the mortgage debt shall be deemed to be equal and to offset each other. The land may, in many cases, be unimproved, and only purchased as an investment on account of its prospective value. In such a case the widow would get the benefit of the rise in value, in the assignment of dower, but the owner would derive nothing from the use as a compensation for interest and taxes. The mortgage debt may far exceed the value of the land, and the annual interest the rent, in which event the security of the mortgagee ought not to be impaired until his debt is fully paid.
It is claimed on behalf of the defendant that, during the life of the husband, he is not to be treated as a mortgagee in possession; and is not liable to account till the plaintiff filed her petition.
His possession must have been either that of mortgagor or mortgagee, or of both. If he held as mortgagor up to the time of filing the petition, we do not see how, at that time, the character of his holding is to be changed. As mortgagor, he was, in respect to the mortgage, the debtor; and not accountable for rents. By giving him this character alone, we have the interest on the whole mortgage debt increasing, undiminished by rents, while the holder of the mortgage is in fact in the receipt of the rents. As against him, in that character, the plaintiff is entitled to full dower without redeeming the mortgage. It is only by setting up the mortgage that he can resist the claim for dower. He can not set up the moi’tgage to resist dower, and yet when the plaintiff seeks to redeem, drop it, to resist accounting for rents. The petition against the defendant is founded upon the mortgage, to enforce the plaintiff’s equity to redeem; and, while the defendant claims under the mortgage, it seems to us he must account as a mortgagee; and that his possession is to be referred to the titles under which he entered. By the judicial sale the purchaser acquired the interests of both the mortgagor and the mortgagee, and stands in the shoes of both. His rights are to be regarded as the same under this purchase, as if *189 the mortgagee had assigned him the mortgage in consideration *of the payment of the amount then due thereon; and the mortgagor had conveyed to him his equity of redemption, in consideration of the payment of so much of the purchase money as was not required to pay the mortgage. The purchase money, not applied to pay the mortgage debt, was applied to pay judgments against the husband, and thus went to his benefit. It is the same, in effect, as if it had been paid to him directly. Having thus acquired the title of both and entered into possession, the purchaser and those claiming under him are to be regarded as the mortgagor and mortgagee occupying the mortgaged premises in common.
For the proportion of rents received as mortgagor the defendant is not liable to account to the plaintiff, but for that received as mortgagee, we think, he is. Considering the price paid at the judicial sale as representing both interests, the defendant will be required to account for such a proportion of the net annual rents as the amount due on the mortgage, at the time of the sale, bears to the price at which the land was sold.
In ascertaining the annual rents, the enhanced value of the land, arising from improvements made by the defendant, and those under whom he claims, other than ordinary repairs, should be excluded. Taxes and ordinary repairs will, of course, be credited to the defendant in ascertaining the net rents.
¥e are of opinion, that as between the plaintiff and the defendant, there should not be a rest made at the time of the rendition of the decree, nor at the time of the confirmation of the sale. She, not having been a party to the suit, is entitled to have the account taken in the same manner as if no decree had been rendered.
The account should be stated as of the date of taking the account, unless the debt is found to have been sooner paid. The whole amount then found due is what the plaintiff would have to pay, if required to redeem the'whole mortgage. But as the defendant, as we understand, in the event of her being found entitled to redeem, elects to have her redeem her dower alone, by paying her proportion of the mortgage debt, her share of the debt should be ascer tained at that time. The ^payment of the amount thus found due from her is necessary to effect a redemption; and, until redemption, she can assert no right of dower.
In order to redeem her dower, the plaintiff will have to pay such part of the mortgage debt thus found to be unpaid, as bears the *190 same proportion to the whole debt, as the value of her dower bears to the whole estate; or, as stated by counsel in their brief (and which is the same thing), such part of one-third of the mortgage debt, unpaid, as bears the same proportion to the full one-third of the whole debt, as the value of her life estate in one-third of the whole estate bears to the full value of the third last named.
But both the learned counsel are clearly mistaken in exposing that this would be such a sum, as if put at interest during the plaintiff’s life, would produce an aggregate sum equal to one-third of the gross amount of the mortgage debt. For if this were so, the shorter the probable duration of the widow’s life, the more she would have to pay.
The rule, as stated in Swaine v. Perrine, by Chancellor Kent (5 Johns. Ch. 493), for ascertaining the correct value is, that the widow should pay the present worth of an annuity for her life, equal to one-third of the interest of the mortgage debt found to be due at the taking of the account.
Judgment will be entered in accordance with the principles above indicated.
Brinkerhoee, C. J., and Scott, Day, and Welch, JJ., concurred.