Read, J.
This case presents two questions —
First: Whether a Justice of the Peace has jurisdiction of an action upon the case for nuisance, in flowing back water upon the lands of another.
Second: And if not, and such an action has been commenced before a Justice of the Peace, and appealed to the Common Pleas, a declaration and plea filed, whether the Court of Common Pleas has jurisdiction.
The 105th section of the Justices’ act (Swan’s Stat. 525) reads:
“ The jurisdiction of Justices of the Peace shall extend to ‘ actions of trespass on real estate, in cases where the damages 1 demanded for such trespass shall. not exceed the sum of one ‘ hundred dollars ;■ and no claim of title to such real estate, set 1 up by the defendant, shall take away or affect the jurisdiction ‘ hereby given.”
Does this section confer jurisdiction upon Justices of the Peace over injuries to real estate, resulting from nuisance ?
In construing statutes, words are to be taken in their usual and ordinary signification, unless they be technical, and have a fixed legal meaning. In the latter case, it will be presumed they were employed in their technical signification, and will be so taken unless there be something growing out of the subject matter, or the plain intent of the Legislature, showing that they were employed in their ordinary, and not in their legal sense.
The words trespass and case both, in their ordinary and legal sense, have a different meaning; the word trespass applying to injuries resulting from direct force, and case to such as *485 are consequential. True, the word trespass, in its broadest signification, as embracing every'species of injury, would include case; and, giving it that meaning, would, by the express words of the section above referred to, confer jurisdiction upon Justices of the Peace, over cases of injury to land, resulting from nuisance, where the damages demanded for such injury did not exceed one hundred dollars. It is contended that this word ought to be construed in its largest signification, in order to confer jurisdiction. It will not bear such construction, unless it be taken for granted that the Legislature intended to confer the broadest jurisdiction, or unless it is plain that such was the object, as manifested by the act. In examining the act, and observing the cases in which jurisdiction is conferred and forbidden to Justices of the Peace, it is plain that the Legislature intended to confer upon Justices of the Peace precisely such jurisdiction as the statute prescribes, and nothing more. There was no intent to confer a general jurisdiction. Original jurisdiction already existed in the Court of Common Pleas, where trial by jury was secured; and this right of trial by jury not existing at the time of the act, in trials before Justices of the Peace, and it being a common right favored by the law, and guarantied by the constitution to a certain extent, the presumption arises that all cases, not especially conferred upon Justices, were to be tried in the Common Pleas. This view would lead to a strict construction of the Justice’s act, and would affix the most limited meaning to the word trespass that it would bear. But statutes are to be construed together, so that all shall take effect if possible.
The seventh section of the judiciary act, regulating the prac- ■ tice of the Courts, declares, that in all actions for libel, slander, malicious prosecution, assault and battery, action on the case for nuisance, or against justices of the peace for misconduct in office, if the jury on the trial of the issue, or on inquiry of damages, shall find and assess the damages under five dollars, the plaintiff shall not recover any costs.
*486 This section draws the action on the case for nuisance to the 'Common Pleas;- If we construe the justices’ act as conferring also upon .justices of the. peace . in ■ such case, ‘ it would follow that two rules for the taxation of costs . would exist, one in. the Court of Common Pleas, and the other before a justice, respecting the- same matter; If 'an action should be brought before a justice, and. one dollar be recovered, -it would - carry costs; if appealed to the common pleas, and a recovery sh.ould be' had for the same.sum, or .a .greater gum, within the limits of five dollars, then-it would not-carry costs. It'cannot be presumed that the Legislature intended such a result. . The learned judge who pronounced-the opinion of the Court in-the. case of Moeller v. Flowers, 7 Ohio Rep. 2d part, 230, which decides that justices of the peace have jurisdiction of cases of nuisance to lands, speaking of the seventh section of the judiciary act above named, says: “ Here, the action -fot a. ‘nuisance, by necessary-implication, is withdrawn. from the ‘ jurisdiction of a magistrate;” but.-concludes; on the-whole, the magistrate has jurisdiction, and overrules the case of Nichol v, Patterson, in 4 Ohio Rep. 200, which denied jurisdiction to justices of the peace in cases of .nuisance to lands.'- W e say, the case of Moeller v. Flowers, is not law, and reassert the doctrine, as to jurisdiction of justices of the peace, declared in Nichol v. Patterson. , We do not know what the.-facts were in the case of Moeller V. Flowers.' ■ .The Judge says it was an injury in the character of a nuisance.1 It may- have' been décided rightly upon .the facts, and probably 'was; biit the reasoning.is wholly wrong, as far as it impugns the case, of Nichol v. Patterson;' and.it is difficult to say whether the learned Judge intended to overrule that case, although the language bears that ,
The next point is as to the effect of an appeal, where; the' case-has been tried before a -magistrate, and a declaration and plea-has, been filed in the Common PJeas..- The magistrate having-no jurisdiction over such, case, all the-. proceedings before him are void; but .if such, case be appealed, and a declara *487 tion filed, the Court of Common Pleas having jurisdiction over the subject matter of complaint stated in the declaration — if the defendant came into Court and plead to it, he has appeared and answered to a matter within the jurisdiction of the Court, and will not be permitted, in the face of his plea, to deny that he is in Court. It is precisely as though a declaration had been filed without process and answered by plea. The object of process being to obtain jurisdiction of the person, if he comes in, and by his plea admits jurisdiction, he has submitted his person to the jurisdiction of the Court, and can take no advantage of want of process, or of defective process. This is a fundamental principle of judicial action, recognized every where in all the books, and in all judicial action. If the party wished to take advantage of the manner in which the case came into court, and of the want of jurisdiction by the magistrate, he should have done so by motion to dismiss. It, in the common sense, is not a defect of jurisdiction but of process; for the Court of Common Pleas has jurisdiction of the subject matter set forth in the declaration. So that it follows, necessarily, in a case of this sort, that the plea of the defendant brings himself properly within the jurisdiction of the Court; and the Court having jurisdiction of the subject matter, the case is properly before it, and the void proceedings before the magistrate constitute no objection to proceeding to judgment.
In the case of Nichol v. Patterson, the court felt the pressure of this argument, and attempted to escape its force by stating that it would be a convenient and safe rule to adopt, that if the papers disclosed that the appellate, and not the original jurisdiction of the court was sought, and the subject matter was not within the jurisdiction of the justice, to dismiss, upon motion, in any stage of the cause; but, where the papers did not sufficiently disclose these facts, and the defendant pleads, in bar, to consider the defect in the process as waived, or the jurisdiction admitted.
This rule, as laid down, is too broad. If the defendant wish to object, for want of jurisdiction in the justice, he may do so *488 by motion; but, if he submits himself to the jurisdiction of the Common Pleas, rightfully having jurisdiction of the subject matter, by plea, he shall not thereafter be permitted, after costs may have accumulated by his own act, and the Court have proceeded upon his plea to take cognizance of the case, to deny jurisdiction, and withdraw himself from the control of the Court. After plea it is too late to urge that the justice had no jurisdiction. Those proceedings are a nullity, and the. case is precisely as though a declaration was filed without process.
Of course, in a case of this,sort, the costs before the justice cannot be included in the judgment of the Common Pleas. The judgment of the Common Pleas is affirmed, except as to the costs accruing before the justice, and, to that extent, reversed.
Hitchcock, J., having been of counsel with one of the parties, took no part in the decision of this case.