Wright, J.
It is claimed by plaintiff' in error that the justice had no jurisdiction of the cause, because it involved considerations of an equitable nature.
It is well settled in this state that though the justice may have had no jurisdiction, yet, if,the case be appealed to the common pleas, and the parties there proceed to trial upon the merits, it is too late afterward to raise an objection of that character; it is considered as waived by failure to object at the proper time. Harrington v. Heath, 15 Ohio St. 483; Bisher v. Richards, 9 Ib. 495; Wood v. O’Farrell & Gabriele, 19 Ib. 427.
It appears from the agreed statement, that Wm. Hutchinson, one of the firm, owed Thomas, defendant below, a private debt, and that he undertook to pay that debt with the property of the firm, the knowledge or consent of the firm thereto not being shown. Thomas had bought of the firm 'the lumber sued for in this case. Wm. Hutchinson had bought groceries of Thomas. They settled their accounts by Hutchinson giving Thomas the receipted bill for the lumber, paying the balance in cash. This does not absolve Thomas from his liability to Hutchinson & Co. for the lumber he had bought of them.
The statement shows that the action of Wm. Hutchin *59 son was fraudulent, so far as the other members of the firm were concerned; that the transaction was not entered upon the books of the firm, no notice of it was given to the-other partners; that they did not know of it until after the-assignment, and never ratified it. Such an act of one partner can not be held binding upon the others.
It is said in Homer v. Wood, 11 Met. 62 : “ The general-principle of law is too well settled to require either argument or authority to sustain it, that one partner has no right to apply the partnership securities and effects in payment of his private debts and liabilities, without the assent,, express or implied, of the other members of the firm.”' Corwin v. Suydam, 24 Ohio St. 209.
It appears to be urged in this case that no action can he-maintained at law upon the facts appearing in the record.. Perhaps it is sufficient to say in answer that our courts administer legal and equitable remedies in the same tribunal. But, if this were not so, we see no difficulty in maintaining-an action like this.
It is held in England that where a partner has taken the property of the firm, and paid his own private debt, the firm can not sue for such misappropriation. The reason given is that the partner so acting has committed a fraud on his other partners, and when they sue to recover back,, he must be joined as plaintiff, and this is maintaining an action, the basis of which is the fraud of those who seek the benefit of it.
Lord Tenterden states the proposition thus: “We are-not aware of any instance in which a person has been allowed, as plaintiff in a court of law, to rescind his own act,, on the ground that such act was a fraud on some other person, whether the party seeking to do this has sued in his-own name only, or jointly with some other person.’.’ Jones v. Yates, 9 B. & C. 538.
The case of Homer v. Wood, 11 Cush. 63, follows Jones v. Yates, and adopts 'its reasoning. Homer v. Wood is very like the cause now before us. One partner undertook to-pay his private debt with the property of the firm, and *60 when the firm sued to recover back, it was held the action ■could not be maintained. The course of argument pursued by Bigelow, J., in his opinion, maintains that, as the •action is in form ex contractu, both partners must join as plaintiffs, as neither can recover alone; that the debt has once been paid, and a recovery of the amount so paid can •only be had by establishing, in answer to such payment, the fraudulent acts of one of the co-plaintiffs in misapplying the partnership assets in discharge of his own separate debt; or, in other words, the’ plaintiffs can maintain their .action only by proving fraud in one of themselves. This is a violation of the salutary principle that a party in a court of law shall not be heard to allege his own bad faith as a foundation of his right of recovery. It can make no ■difference in the application of the principle, that the party who seeks the recovery sues not in his own name, but jointly with another person who is innocent of any fraud. The right of action being joint, if one of co-plaintiffs dies, the right of action survives to the other, and that other may be be the party who has been guilty of the fraud against his co-partner. Thus, the fraudulent partner might maintain an action alone, and in his own name, and thus, for his own benefit, avoid his own’ act by proof of his own misconduct, and recover again, from the defendants the very debt which has once been paid to him, and from which he has discharged them in full.
This line of argument merely assumes the proposition to be proved. It assumes that the debt has been paid. The ■assumption is true if the setting off of a debt due the firm .against the private debt of the partner is a payment of that debt. But it is conceded that a partner can not pay his own debt by using the firm property to that end.
If we follow out the coux’se of the case at bax’, it seems to us, it may plainly be seen that no difficulty can arise. Penn rich, the assignee of the firm, pro hac vice, representing the firm, sues for a debt due it. The defense is that that ■debt was set off against a private debt of a partner by hinx, and is so paid. The reply to such a defense is that *61 such a transaction is illegal. A demurrer to an answer setting up such a defense would be sustained, and no payment, therefore, can be predicated upon such a transaction. The partner then secures no benefit from his own wrong,, or fraudulent conduct. That conduct simply amounts to-nothing, and all rights remain as they, were before. Purdy v. Powers, 6 Penn. St. 492.

Judgment of common fleas affirmed.

Day, J., did not sit in the case.