Scott, J.
The principal question in this case arises on ■the following state of facts : Kuhlman, Kroger, and Black were each creditors of Kurdelmeyer, who was a married ■man, owning certain real estate. To secure their respective claims, Kuhlman and Kroger each procured a mortgage on this property to be duly executed by Kurdelmeyer alone ; Kroger’s mortgage being prior in time. Black subsequently took a mortgage on the same property, duly executed by both Kurdelmeyer and his wife. After condition broken, in the case of all the mortgages, Kuhlman and Kroger instituted proceedings for the foreclosure of their mortgages, making their mortgagor, Kurdelmeyer, a party; .and obtained an order, under which the premises were sold for the satisfaction of their debts. After this, Black became a party to the proceedings, and the previous sale having been set aside, he filed a cross-petition, setting up his mortgage, making Kurdelmeyer’s wife also a party, and asking to have the premises sold free from her inchoate right of dower. His right to have them so sold was not controverted by the wife nor by any other of the parties. The premises were accordingly oi’dered to be sold fi’ee from the inchoate right of the wife to dower therein, and under this order they were appraised at $2,500, and duly sold for $2,600. The sale was confirmed, and the net proceeds were found insufficient to satisfy in full the liens of Kuhlman and Kroger; and, on disti'ibution, the coux’t below or•dered Kuhlman’s mortgage to be first satisfied in full, and the residue of the proceeds of sale to be applied*in partial *198 satisfaction of Kroger’s mortgage, to the entire exclusion-of Black from any participation in the 'fund, and against Ms objection.
Now it is claimed on behalf of Black, and we think justly, that in this distribution the court below erred in denying the equitable right of Black to demand such part or share of the fund as arose from the increased value given to the premises, or to the title passing under the judicial sale, by the release of the wife’s contingent right of dower, which she had pledged to Black, and to him only, as a security for his debt.
She was not a party to the mortgages of Kuhlman and Kroger, and, under them, or even under Black’s mortgage, unless she were made a party, the interest of the husband alone could have been sold, and the purchaser must have taken the title incumbered with her contingent right of dower. Black only could, and did, make her a party to-the proceedings. He, and he only, had a right, in virtue of her release to him, made for his sole benefit, to demand that the title or estate of the husband should- be sold unincumbered by her inchoate right of dower. It was accordingly ao sold, at his instance, and, as he doubtless imagined, for his benefit. The other mortgagees could sell an incumrbered title only. Black brought to sale an unincumbered title, and the result was that the premises sold for $100' more than their appraised value. It is but reasonable to-assume that the bidders would be influenced by the character of the title, the sale being one to which the maxim “ caveat emptor ” was applicable. Now, it seems to us, that the equity of withholding from Black all benefit of the additional security which had been given to him only — of virtually transferring the release which he held to those who-were strangers to it, and could claim no rights, legal or equitable, under it, is by no means apparent.
But it is said the wife had no estate in the land, such as-could be conveyed or assigned. We think this legal technicality is of no force in determining the equitable rights-of the parties in the distribution of the fund. Equity *199 looks to and deals with the substance of things, disregarding names. This inchoate right of dower was a valuable-right or interest in the land which the wife acquired in virtue of her marriage and the seizin of her husband. Though only inchoate, it was valuable, and she could not be deprived of it for the benefit of her husband’s creditors, except by her own voluntary act. She could, and in this case did, unite with her husband in a conveyance of the premises. And it can make no difference, that this conveyance operated as against her, by way of release, or estoppel, and not by way of grant. It constituted an effectual bar to any claim of dower on her part, so long as Black’s debt remained unpaid. But it so operated only as between her and Black and their privies. It in no way affected the rights of the prior mortgagees, who were unconnected with it, and therefore could not set it up. Kitzmiller v. Van Renssalaer, 10 Ohio St. 63.
By the proceedings under review, the purchaser of the premises has acquired the title of all the mortgagees. It was through Black’s title alone that he procured the ex-tinguishment of the wife’s contingent right of dower. Yet the court below awarded the price paid for that extinguishment solely to. others. Contrary to the maxim “Qui sentit eommodum, sentire debet onus,” the burden and the benefit were here divorced. Black’s title as mortgagee was taken from him and the resulting benefit given to others.
Where lands are sold by an administrator for the payment of debts, and a widow, who is entitled to dower therein, consents to such sale free from her right to dower, it is the familiar practice to order the sale to be so made, and to make compensation to the widow out of the proceeds of the sale. The fact that she has not such an estate in the land as she could legally convey or transfer to a stranger, has never been regarded as an obstacle in the way of such a sale, or as a reason for denying her compensation.
In such a case, the exact value of the widow’s right of *200 dower can not be known with absolute certainty. It will depend largely on the length of her life, which can not be foreseen by the court. Yet its present value can be approximately ascertained. Tables have been constructed, based on wide and long observation, from which, the age of the widow being known, the probable duration of her life, and the present value of her dower right may be ascertained with reasonable certainty. In a case like the present, where the husband and wife are both living, there is an additional element of uncertainty, for the probability •of the wife’s survivorship is to be considered in the calculation.
But even here, we have mathematical tables which give the present value of an inchoate right of dower, where the value of the whole estate and the ages of both husband and wife are known.
It was admitted by consent of parties, on the hearing of this case in the court below, that George Kurdelmeyer is thirty-three years of age and his wife twenty-seven; that both are in good health and of apparently good constitution, but that the wife is - apparently of greater vigor of constitution and of more long-lived ancestry.
Looking only to the ages of parties, Mr. Bowditch’s tables would make the wife’s contingent right of dower in .an estate worth $2,600, to be of the value of $110. Taking into the account her better constitution and the greater longevity of her ancestry, it may have been worth $125', or more. But as it does not appear that the parties have agreed upon the value of Mrs. Kurdelmeyer’s inchoate right of dower, nor was the same found by the court below, we can only reverse the order of distribution, as between Kroeger and Black, and remand the case for the ascertainment of such value, and for distribution in pursuance of this decision.
Another question is .presented by the assignments of error in this case, which it is proper to consider.
The court below found that a portion of the claim and lien of Kroeger was fraudulent and void as against the *201 •claim and lien of Black; and yet awarded, as to the residue of the mortgage debt of Kroeger, priority of lien over Black’s mortgage. We think such finding and decree was not necessarily erroneous. It does not appear that anything illegal, or against public policy, entered into the consideration of Eroeger’s note. There may have been a partial failure of consideration merely, which would only .avoid the note pro tanto. To the extent that the note was simply without valuable consideration, the assertion of the lien founded upon it would operate as a fraud upon the rights of Black, the subsequent mortgagee.
A partial want of consideration would not, in toto, invalidate the note, nor taint the security as in the case of an illegal consideration. The case of Widoe v. Webb, 20 Ohio St. 431, on which counsel for plaintiff in error seems mainly to rely, is not in conflict with this view. In that case, a part of the consideration was illegal, and it was held for that reason that no recovery could be had on the note. No such reason appears in this case.
Johnson, J.
Black, as third mortgagee, who holds the only mortgage in which the wife joined, asks that the wife’s inchoate right of dower be ascertained, and taken out of the amount otherwise payable to the second mortgagee and applied on his mortgage, because she did not join in the prior mortgages, and because he is the holder of her release. It is erroneously assumed that the land brought more than it would if sold without such release. The fact is, that it was first sold when neither Black nor the wife were parties, when it brought more than on this sale. We can not, therefore, say that the land sold for more, in •consequence of the release, in the face of this fact and the ' absence of any proof. This was a matter for proof, not for presumption, against the facts of the record. We are not •only asked to presume this, but also that the increased price is equal to the contingent right of dower, and then pay this amount, not to the wife, but to a subsequent mortgagee 1
If Black is entitled to any allowance out of the purchase *202 money Ms equity would seem to arise out of the fact that the land brought an enhanced price by reason of a sale free-of the inchoate right of dower, and the difference between such price, and its value if sold with that incumbrance on the property, would be the measure of his share of the money. This would be a question of fact to be settled by evidence. He offers none, but asks the court to assess the-present worth of this inchoate right of dower, deduct that sum from the prior mortgages, and apply it on Ms inferior-lien.
I am unable to concur with a majority of my brethren in holding that this could be done.
• The land belonged to the husband. She had no estate-in it that she could assign or transfer.
All that she could do as a feme covert was to release and extinguish, in the mode pointed out in the statute, her inchoate right to dower.
As was said by Judge Hitchcock in Miller v. Woodson, 14 Ohio, 518:
“ The estate is an estate for life. It commences with the death of the husband — it ceases with the death of the wife.. It is not in the power of the widow to transfer any interest in-it until it has been actually assigned. When the dower is assigned — token it is aparted and set off to. her by metes and' bounds, then she may sell and convey — not before. The right,, the chose in action, if I may so speak, is not assignable. It may be relinquished to him who has the next estate of inheritance in the land out of which it is to be carved, bul can not be transferred, to a third person.”
In Douglass v. McCoy, 5 Ohio, 527, it was held:
“ Although the deed from Finlay and wife to McCoy extinguished, the right of dower in the laud conveyed, it was not intended to pass, nor did it pass, the right of dower as a separate substantive estate, if no lands were conveyed by the deed, for the law will not permit the alienation of such-possible contingent interests.”
In Weaver v. Gregg, 6 Ohio St., Judge Brinkerhoff said:.
“She has a contingent possibility or interest in it, which *203 may be released, but no property, no actual interest in it, which is subject to grant or assignmmt.” Miller, Ad’mr, v. Woodson, 14 Ohio, 518. “ Nor is the value of her possible and contingent interest capable of estimate with any degree of accuracy.”
In pronouncing the judgment of the court, in McArthur v. Franklin, 15 Ohio St. 485-509, Judge White said:
“Kent says: ‘Dower is a title inchoate, and not consummated until the death of the husband; but it is an interest which attaches to the land as soon as there is a concurrence of marriage and seizin.’ 4 Kent’s Com., side p. 50. It is-true she can not assign to a stranger.”
In Moore v. The Mayor, etc., 8 N. Y. 110-113, Judge Gardiner, in announcing the opinion of the court, said:
“ If this is the true character of the right of the widow, prior to the assignment, that of a wife must be a right to a claim for dower, contingent upon her surviving her husband.
“ Such a possibility may be released, but it is not, it is. believed, the question of grant or assignment, nor is it in any sense an interest in real estate. It is not of itself property, the value of which may be estimated, but an inchoate right, which, on the happening of certain events, may be. consummated so as to entitle the widow to demand and' receive a freehold estate in the land, if she survived her husband.”
In Douglass v. McCoy, 5 Ohio, it was said that dower could not be aliened before assignment, so as to enable'the-grantee to maintain a suit in his own for it lies inaction only.
So a covenant of good right to sell in a deed is not broken, although at the time the deed was made there was an inchoate right of dower on the premises, which was afterward perfected b}' an assignment of an annual charge upon the land, because this inchoate right to dower was not a. vested, estate, but was contingent and uncertain. Tuite v. Miller, 10 Ohio, 382.
In the same case it was said that a covenant of warranty *204 that the title was clear, was not broken while the dower was inchoate, and no right of action until eviction by the doweress, or something equivalent thereto. See also Johnson v. Nyca, 17 Ohio, 66.
To the consummation of the title to dower three things' are requisite, viz : marriage, seizin of the husband, and his death. (4 Kent, 36.) Before the death of the husband, it is an inchoate right. Kent calls it “ a severe dormant incumbrance upon the use and circulation of real property,” which is in practice “ almost universally extinguished by the act of the wife, in concurrence with the husband, upon sales and mortgages of real estate.” (Ib. 37.)
Until the death of the husband consummates the claim, or inchoate right into an estate for life, it rests in action only. Jackson ex dem. v. Vanderheyden, 17 Johnson, 167. In this case the plaintiff in ejectment relied for a recovery on the right of dower acquired by him by a deed from the defendant and her husband during coverture.
Spencer, C. J., said: “ If, however, that right is insisted on, the answer is decisive, that it is a right resting in action only; it cannot be aliened so as to enable the grantee to bring an action in his own name. A feme covert, or a widow, may release her claim of dower so as to bar her, but she can invest no other person with the right to maintain an action for it.” If this be a correct exposition of the law, it is decisive of the case at bar.
Black’s claim is that he is invested with the wife’s inchoate right of dower, and therefore he asks that the value of that right be paid to him out of the purchase-money, although her title is not consummated, and is wholly contingent on her survivorship.
In Willard on Real Estate, p. 61, it 'is said : “ The inchoate right of dower is an incumbrance upon the estate of her husband, which is usually removed by her uniting with him in the deed.” Again : “ The object of uniting the wife with the husband in his conveyance of land to a third person, is to extinguish her inchoate right of dower.”
In Elmendorf v. Lockwood, 57 N. Y. 325, which is a lead *205 iug and well considered case, it is said : “ But in all cases where the wife unites with her husband in a conveyance properly executed by her, which is effectual and operative against her husband. . . . her right of dower is forever barred, and extinguished for all purposes and as to all persons.”
In case of the widow’s death, pending her action for dower, it abates. Hitchcock, C. J., says, “The widow is the actor. Everything is doue in her name. She can not delegate this right to another.” (14 Ohio, 518.)
While a widow, whose right has become a vested one, may, before assignment of dower, transfer her interest, so that a court of equity will enforce her contract, where it is equitable to do so, yet it is believed ihat no case can be found where the transfer or conveyance by a feme covert of her contingent right of dower vests in the grantee any interest or estate in the premises which the grantee can assert. Her release of dower, under the statute, operates to extinguish, not to transfer her right. When she joins in a mortgage, her dower is released and extinguished to the extent of the mortgage, not assigned or granted to the mortgagee.
Where the wife joins in a mortgage, and the same is foreclosed, she being a party, and the property is sold during the husband’s life, leaving a surplus after payment of the-mortgage, that surplus is personally payable to the husband. The wife has no interest in it. Bell v. Mayor of New York, 10 Paige, 49. But if the husband die before sale, his widow is dowable in the surplus. Titus v. Nelson, 5 John. Ch. 452 ; Frost v. Peacock, 4 Edw. Ch. 678.
In Denton v. Nanny, 8 Barb. 618, where the wife had joined in the mortgage, and there was a surplus arising from the foreclosure and sale, the court set apart one-third of this surplus until it was determined whether she survived her husband, and in that event her life estate was to be taken out of it. This is the furthest any court has ever gone, and the case is not regarded as authority.
But it is believed that no case can be found holding that *206 during coverture she can transfer to another this inchoate right, and confer on the grantee a right to have its value ascertained and paid to him on sale.
Until she survives she has no dower, but only a right dependent on a contingency, incapable of valuation by any certain rules. The mortgagee of the fee holds the title, subject only to its vesting.
By the statute the first and second mortgages were prior on this land, and must first be paid. To grant plaintiff’s motion disturbs that order of payment prescribed by law. She may never be entitled to dower, and if the motion is granted and the value Of this right paid to Black, he has a sum of money representing the present worth of an estate that has never vested, and which does not become alienable either at law or in equity, while it is contingent merely.
It is said there is a strong equity in Black’s favor as the holder of the wife’s release of dower. It does not appear that he paid anything for the release. On the contrary, the presumption is, until the contrary appears, that he did not. The majority of the court erroneously assume that Black paid the wife a consideration for her release.
Again, Black, upon his own motion, caused the land to be sold free from dower, thus divesting him of whatever right he might have had in the land upon the happening of the contingency that would make the dower vest. He thus destroys the estate in expectancy before it vested, and made it impossible for it to vest, or for the release to become operative.
Until the legislature shall intervene and modify the common law, as has been done in some of the states, it 'seems to me that all Black took by the wife joining in the mortgage was a release and extinguishment of her contingent right to dower, which barred her from setting it up against him or any one claiming under him, and to the extent of -the value of that “ dormant incumbrance,” increased the value of his security. ■
In case of a sale after her husband’s death..leaving her his widow, the court might possibly have upheld the present *207 ■claim of Black to the extent of her vested dower estate, because her contingent estate had, by the husband’s death before sale, been converted into a vested estate, which has been conveyed to him in the mode pointed out by statute.
-It seems to me that the principles laid down in Herschman v. Stiles, 1 Stockton Ch. (N. J.) 361, are sound, and are decisive of this case. In that case the bill was filed by the third mortgagee. The wife had not joined in the second mortgage, and as widow, insisted that the first and "third mortgages be paid, and that out of the residue, two-thirds be applied on the second, and one-third invested for her benefit. The court say:
“But on what principle can the second mortgage be postponed to the third? It does not lose its priority of payment from the mere fact that the wife did not sign it.
“ The husband had the right to mortgage his interest in the land without' his wife’s consent, and a third mortgagee can derive no superiority over that interest to the second mortgagee, because he has procured a lien upon the further rights of the wife.”
Accordingly it was held, that “the third mortgagee can not claim any of the fund until the prior incumbrance, the second mortgage, is discharged,” and "that “the mortgages must be paid according to their priority.”
The legal title to this land was originally in the husband ; his first mortgage conveyed that fee to the first mortgagee. That left him an estate on condition with the. right to redeem. His second mortgage conveyed all his estate that was left to the second mortgagee, and invested him with all his rights to redeem, but leaving a right to redeem both mortgages in the mortgagor, but vesting, after condition broken, the fee absolutely in the first mortgagee, subject only to the right in equity to redeem. The wife, as against these mortgages, had only an ipchoate right of dower, contingeut and uncertain, resting in action, and never vesting, as an actual incumbrance, unless she survives her husband. Until then, the first mortgagee owns the whole estate in fee simple, subject to be divested, as to the *208 widow’s dower, if the contingency ever happen which creates it. When she joined in the Black mortgage, her right to have it so vest in the future was released and extinguished, not assigned or granted to Black. The prior mortgagees, had she not executed the Black mortgage, held the whole estate, to the extent of their liens, subject to be divested on one condition only, which has not yet, and may never happen. By the Black mortgage the wife released the-right to enjoy the estate should it ever vest.
It was a surrender of the possibility, and relieved the title, not of an incumbrance, but of a contingent right to one. • This leaves the priority of the several mortgages as the statute prescribes, and I see no authority in the courts to disturb that priority.
It is said there is a strong equity in the third mortgage.. This is not apparent. Equity should follow the law where it is clear and positive. If legislation is needed to change established principles, it should be had at the hands of the law-making power and not by the courts. See Wilson et al. v. Davidson, 2 Robinson (Va.), 884, for an interesting discussion of this subject, where the views here expressed are fully confirmed — opinion by Baldwin, J.
Wright, J., concurs in the foregoing dissent.