Nash, J.
The plaintiff in error is a widow, having an unassigned right of dower in the real estate of which her *550 husband died possessed. She withheld obtaining an assignment of such dower for the purpose of keeping such property from the reach of her creditors. The defendant in error recovered a judgment against her upon a debt contracted after her husbánd’s death. Execution was issued and returned unsatisfied. . She has no property which can be subjected to the payment of this judgment at law. These facts were made to appear to the court of common pleas in proceedings in an action brought by Clemens Stotz against Louise C. Boltz, and thereupon that court made the following order:
“ It is therefore ordered that Felix Nicola be and he is hereby appointed Receiver herein, with full power and authority to take possession of any right or interest which said defendant may have in said reai estate in petition herein described. And said defendant is hereby ordered to execute and deliver to said Receiver, upon his making a proper demand thereof, a conveyance of her dower estate in said premises, and upon her failure to thus convey as aforesaid, within ten days after the making of said demand, then this decree shall be and operate as such conveyance, and shall confer on said Receiver all rights and powers, and convey to him all interest and estate which said conveyance by said defendant would confer and convey. It is further ordered that said Receiver proceed to sue for the assignment of said defendant’s dower estate in said premises as soon as the same shall have passed or been conveyed to him as aforesaid, and if the same be assigned to him in gross in money, then he shall pay therefrom the costs herein, and the plaintiff’s said claim with interest as aforesaid, and the balance then remaining to said defendant. And in case said dower shall be assigned by metes and bounds,' then said Receiver shall take possession of said premises so assigned, and rent or sell the same as in his opinion shall be for the best interest of all parties concerned therein, and apply the proceeds or rents and profits, as the case may be, to the said claim and costs until the same be fully paid, and pay the balance to said defendant, and in case he should *551 rent tlie same, after said claim and costs are paid, he shall re-convey to said defendant said premises. And of his proceedings hereof he shall make due report to the court. And it is further ordered that said Felix Nicola, before entering upon his' said duties as Receiver aforesaid, give bond to the parties to this action in the sum of #800, with sureties to be approved bjr the clerk of this court.”
This judgment was affirmed by the district court.
The courts below were right. Section 5464 Rev. Stats., provides in substance that when a judgment debtor has not personal or real property subject to levy on execution sufficient to satisfy the judgment, any equitable interest which he has in real estate as mortgagor, mortgagee or otherwise, or any interest he has in any claim or chose in action due or to become due, shall be subject to the payment of the judgment by action.
In McArthur v. Franklin, 15 Ohio St., 485, and again in McArthur v. Franklin, 16 Id., 193, dower inchoate is spoken of as a right or interest in the land. When this interest has become absolute by the death of the husband, although unassigued,'we think that it maybe reached by judgment creditors by a proceeding under section 5464. In support of this conclusion we cite Tompkins v. Fonda, 4 Paige, 448; Davison v. Whittlesey, 1 McArthur, 163; Payne v. Becker, 87 N. Y., 153. If the assignment of dower is once made it may be reached by the widow’s creditors by execution. There is no reason for relieving it from this burden when unassigned, that does not apply with equal force to assigned dower. To hold otherwise would be a temptation to the possessor of this interest in lands, and it is sometimes a very valuable interest, to continue in joint possession with the heirs, and to neglect to ask for a formal assignment for the purpose of depriving her creditors of the benefit of her right of dower for the satisfaction of their claims. In this ease it appears that Mrs. Boltz did not have her dower assigned for the purpose of keeping this property beyond the reach of her creditors.

Judgment affirmed.