(Ashtabula County, Ohio, Court of Common Pleas.)

A. STRAUSS v. JOHN ADAMS ET AL.

*Jurisdiction—Defined.*

1. The jurisdiction of a court is the power conferred upon it by law, to hear, determine and render final judgment in a cause, and to enforce its judgment by legal process.

*Appellate jurisdiction of Common Pleas limited to cause of action tried below.*

2. The court of common pleas of this state is a court of general original and appellate jurisdiction. When a case is appealed to the court of common pleas, from a judgment of a justice of the peace, its jurisdiction over it is appellate only, and limited to the cause tried in the justice's court.

*Same—Departure on appeal from cause of action below—When appelate court retains jurisdiction.*

3. When the cause tried and appealed is within the original jurisdiction of a justice of the peace, and the plaintiff departs from the cause there tried and appealed, and sets up in his petition another and different cause of action, which is also within the exclusive jurisdiction of a justice of the peace, the court of common pleas acquires no jurisdiction of the cause set up in the petition, although the defendant has appeared and plead to its merits, by filing a motion to make the cause more definite and certain, and obtained a ruling of the court upon it.

*Same.*

4. This action is rightfully in this court by appeal, and it has acquired jurisdiction thereby of the cause appealed, but it has no jurisdiction of the cause of action stated in the Third Amended Petition. Held, the motion to dismiss the appeal is overruled and the motion to strike the Third Amended Petition from the files is sustained.

---

HOWLAND, J.

This action comes into this court upon appeal from the decision of a Justice of the Peace.

It has been submitted upon a motion to strike from the files the third amended petition, and to dismiss the appeal, upon the ground that there is a departure from the cause of action tried before the magistrate, and the one set up in said amended petition.

The claim tried before the justice of the peace, and appealed to this court. is an open account, stated in the bill of particulars as follows:

"The plaintiff says there is due him from the defendants the sum of $61.65 for goods, wares and merchandise, sold and delivered to said defendants by the above plaintiff, during the past year—for which amount, with interest thereon from the 21st day of May, 1894, at the rate of six per cent., the plaintiff asks judgment."

No leave to amend has been asked, or granted, in this, or the Justices court.

The cause of action set up in said petition is therein stated in two counts, each based upon the same claim—the first upon an account stated and a promise to pay it—the second is for an alleged balance found due the plaintiff upon an alleged settlement of said account. The amount claimed in each count, is less than one hundred dollars.

In the motion under consideration, the defendants ask, first, that the third amended petition be stricken from the files; and second, that the appeal be dismissed, upon the ground that the cause of action set up in the petition is a departure from the cause of action tried before the magistrate.

The claim in each count in the third amended petition, is a different cause of action from the one tried before the magistrate. It is therefore an attempt to abandon the cause of action tried before the justice, and appealed into this court, and to substitute for it, and try in this court, another and different cause of action. That change is a departure in pleading, and thereby a cause of action it set up of which this court has no jurisdiction. Wilson v. Wilson, 30 Ohio St., 365.

The jurisdiction of a court is that power conferred upon it by law, by which it is authorized to hear, determine and render final judgment in an action, and enforce its judgment by legal process. Sheldon's Lessee v. Orrin Newton, 3 Ohio St., 494. Worcester v. The State of Georgia, 6 Pet. 515.

The court of common pleas in Ohio, is a court of general jurisdiction Its original jurisdiction includes all matters except those where exclusive jurisdiction is conferred upon justices of the peace, or the court of probate, and in all of those matters where exclusive jurisdiction is conferred upon the probate court or justices of the peace, the common pleas has appellate jurisdiction, by which it obtains the same jurisdiction of a case coming into it by appeal from either of said courts, as the court had from which it was appealed. The jurisdiction of a case is made up of, and includes jurisdiction of the subject matter of the action, and jurisdiction of the person of each party.

Jurisdiction of the parties may be conferred upon the court, by consent of the parties; but jurisdiction of the subject matter cannot be acquired by consent. Sheldon's Lessee v. Orrin Newton, 3 Ohio St. 494.

The plaintiff set up in his original petition in this case in this court, and in each amended petition, substantially the same cause of action, as the one pleaded in the third amended petition.

The defendants appeared, and filed a motion to the original and to the other amended petitions, to compel the plaintiff to make his cause of action more definite and certain, which were sustained by the court.

The plaintiff resists this motion to strike the third amended petition from the files, and to dismiss the appeal, upon the ground that the defendant thereby appeared in this court and plead to the cause of action substituted in the petition, for the one appealed into this court, and thereby waived the departure, and conferred jurisdiction of the cause of action so substituted upon this court, by consent, and in support of his claim cites the following authorities, to-wit:—Wilson v. Wilson, 30 Ohio St., 365; Shafer et al. v. Waldo, Barry & Co., 7 Ohio St., 39; Evans v. Iles, 7 Ohio St., 233 to 236; Fisher v. Richards, 9 Ohio St., 495; Thomas v. Penrich, 28 Ohio St., 55, Adams Express Company v. St. John, 17 Ohio St., 641; O'Neal v. Blessing, 34 Ohio St., 33; Vandyke v. Rule, 49 Ohio St., 530; Marsden et al. v. Soper, 11 Ohio St., 503; Fee v. Big Sandy Iron Co , 13 Ohio St. 564; Wood v. O'Ferrall and Gabrielle, 19 Ohio St., 427; Jonathan v. Eliphalet W. Heath, 15 Ohio St., 483.

Each one of this array of cases is an authority bearing upon and together they establish the proposition that the parties may waive a "departure" in the appellate court, by pleading to the merits of the cause of action substituted by the departure, so far only as to confer upon the appellate court jurisdiction of the person of each party,—of one by his invoking its jurisdiction by the appeal—of the other by pleading on its merits, each party thereby abandoning the cause of action tried in the court below, and substituting another and different one in the appellate court.

Jurisdiction of the parties to an action, is not sufficient to give the court jurisdiction thereof. It must have jurisdiction not only of the parties, but of the subject matter also, before it is authorized as a court to hear and determine the matter in controversy. While it is established by the cases cited, that an appellate court can and does acquire jurisdiction, of the parties by their consent; yet it is equally well settled upon principle as well as authority, that a court cannot acquire jurisdiction of the subject matter of an action by consent of the parties. That can be acquired only by the law creating the court, and fixing its jurisdiction. Tapan v. Tapan, 6 Ohio St., 64. Moore v. Robinson, 6 Ohio St., 302, opinion 305. Gillen v. Sellers Admr., 2 Ohio St., 233; Sheldons' Lessee v. Orrin Newton, 3 Ohio St., 494. Railroad Company v. Marshall, 11 Ohio St., 501; Robinson, Admr., v. Dunbar et al. 13 Ohio St., 572.

The constitution creating the court of common pleas in this state, and the laws defining its jurisdiction, have conferred upon it original and appellate jurisdiction. In the exercise of its appellate jurisdiction in cases appealed from justices of the peace, it is confined to the jurisdiction of the justices' court. Woolever v. Stewart, 36 Ohio St., 146.

In some of the cases cited in support of this motion to dismiss the appeal, the lower court had concurrent jurisdiction, while in others it had no jurisdiction of the subject matter; but the court of common pleas had original jurisdiction of the subject matter in each and all of the cases cited. Therefore, when it acquired jurisdiction of the parties, by their consent and waiver of the departure, it was then authorized to hear and determine the issues joined by the parties in the action, so substituted by the departure from the cause of action appealed from.

In the case under consideration, the cause of action before the magistrate, and in each count in the third amended petition, is for a sum less than one hundred dollars, and therefore within the exclusive jurisdiction of the magistrate. All the provisions required by law to complete an appeal have been complied with, and this case is therefore rightfully in this court. It is here, however, within the appellate jurisdiction of this court only, and the jurisdiction of this court is confined to the one specified cause of action, which was tried before the magistrate and appealed. This court has therefore obtained appellate jurisdiction of the parties, by the appeal and pleadings, and of the cause of action tried before the magistrate and appealed to this court.

We hold there is no cause for the dismissal of the action. The motion is therefore overruled upon the second ground thereof. To which ruling the defendants, by their counsel, except.

This court however has no jurisdiction of the subject matter of the cause of action substituted by the departure in pleading, and could acquire no jurisdiction thereof by consent of parties. We therefore sustain the motion upon the first ground thereof, and order the third amended petition stricken from the files, and give the plaintiff leave to amend his petition, and set up the cause of action as stated in his bill of particulars. To which ruling the plaintiff, by his counsel, excepted.

George D. Parker and Hoyt & Munsell, Attorneys for Plaintiff.

Charles Lawyer, Jr., Attorney for Defendants.